Per Curiam.

In England, on the conveyance of land, all the title deeds are delivered to the purchaser, and it is reasonable there to require him to produce tire original deed given to a prior grantee. In this Commonwealth the mode of conveyancing is different. Here the grantee takes only the immediate deed to himself, relying on the covenants of his grantor. He has no right to the possession of the title deeds of the estate, and to require him to produce all the original deeds for twenty years or more and to bring in the subscribing witnesses, would be unreasonable and oppressive. It will be found convenient to have a copy from the register’s office prima facie evidence, even where the grantee lives within the Commonwealth, until the case assumes a different shape on a question of fraud.[1]
Determining that an office copy is prima facie evidence, oi course dispenses with the necessity of calling a subscribing witness.[2]
The Court made no remark upon the other points, but directed judgment to be entered according to the verdict.

 See Knox v. Silloway, 1 Fairfield, 201 ; Hathaway v. Spooner, 9 Pick. 23; Burghardt v. Turner, 12 Pick. 534; Scanlan v. Wright, 13 Pick. 523; Kent v. Weld, 2 Fairfield, 459; Montgomery v. Dorion, 7 N. Hampsh. R. 475; Hewes v. Wiswell, 8 Greenl. 94; Woodman v. Coolbroth, 7 Greenl. 181; Southerin v. Mendum, 5 N. Hampsh. R. 428; Van Cortland v. Tozer, 17 Wendell, 338.
In Maine, an original deed may be received as evidence without proof of its execution, in all cases where an office copy may be used. Knox v. Silloway, 1 Fairfield, 201.

 See Hathaway v. Spooner, 9 Pick 23; Ward v. Fuller, 15 Pick. 187; Scanlan v. Wright, 13 Pick. 523.