### COMMONWEALTH *vs.* HENRY EMERY.

A registry copy of a deed of land is not admissible in evidence against the grantee, without notice to him to produce the original.

ON the trial of the defendant in the court of common pleas for being a common seller of spirituous and intoxicating liquors, there was evidence of sales, made by the defendant's servant or agent, at a public house kept by the defendant in Lowell.

The district attorney, in order to prove that the house was owned by the defendant, and that the business carried on there was his, offered a paper purporting to be a registry copy of a deed of the premises to the defendant, certified by the register of deeds for this county. The defendant objected to the admission of the copy of the deed as evidence, for the reason that he had had no notice to produce the original deed. But *Perkins*, J. overruled the objection, and admitted the copy in evidence. To this ruling the defendant alleged exceptions.

*J. G. Abbott*, for the defendant. The copy was erroneously admitted in evidence; the original deed to the defendant must be presumed to be in his possession; and when such is the case, a copy can never be used, without notice to the party to produce the original. 1 Greenl. Ev. §§ 560, 561. 2 Tidd's Pract. (Amer. ed.) 736. 1 Stark. Ev. (4th Amer. ed.) 357. 2 Stark. Ev. 974. *Sharpe* v. *Lamb*, 3 P. & Dav. 454, and 11 Ad. & El. 805. *Commonwealth* v. *Parker*, 2 Cush. 218, 226. *Stetson* v. *Gulliver*, 2 Cush. 494. Even proof that the party has the original in court will not dispense with notice; for the notice is required to give the party time to explain the original. *Doe* v. *Grey*, 1 Stark. R. 383. *Knight* v. *Marquess of Waterford*, 4 Y. & Col. 284.

*J. H. Clifford*, (Attorney General,) for the Commonwealth, cited *Eaton* v. *Campbell*, 7 Pick. 12; *Scanlan* v. *Wright*, 13 Pick. 523; *Ward* v. *Fuller*, 15 Pick. 185.

SHAW, C. J. Upon consideration, the court are of opinion that this copy of a deed ought not to have been admitted, without notice to the defendant to produce the original.

The rule, as to the use of deeds as evidence, in this common-wealth, is founded partly on the rules of the common law, but modified, to some extent, by the registry system established here by statute. The theory is this ; that an original deed is in its nature more authentic and better evidence than any copy can be ; that a copy is in its nature secondary ; and therefore in all cases original deeds should be required, if they can be had. But as this would be burdensome and expensive, if not impos-sible, in many cases, some relaxation of this rule was necessary for practical purposes. The law assumes that the grantee is the keeper of deeds made directly to himself; when then he has occasion to prove any fact by such deed, he cannot use a copy, because it would be offering inferior evidence, when in theory of law the superior is in-his own possession or power. It is only on proof of the loss of the original, in such case, that any secondary evidence can be received.

Our system of conveyancing, modified by the registry law, is, that each grantee retains the deed made immediately to him-self, to enable him to make good his warranties. Succeeding grantees do not, as a matter of course, take possession of deeds made to preceding parties, so as to be able to prove a chain of title, by a series of original deeds. Every grantee therefore is the keeper of his own deed, and of his own deed only.

But there is another rule of practice arising from the registry law, and the usage under it, which is, that all deeds, before being offered in evidence as proof of title, must be registered. The register of deeds therefore is an officer of the law, with competent authority to receive, compare and record deeds ; his certificate verifies the copy as a true transcript of the original, and the next best evidence to prove the existence of the deed ; though it follows as a consequence, that such copy is legal and competent evidence, and dispenses with original proof of its execution by attesting witnesses. In cases therefore, in which the original, in theory of law, is not in the custody or power of the party having occasion to use it, the certified office copy is *prima facie* evidence of the original and its execution, subject to be controlled by rebutting evidence.

But as this arises from the consideration, that the original is not in the power of the party relying on it, the rule does not apply, where such original is, in theory of law, in possession of the adverse party; because upon notice the adverse party is bound to produce it, or put himself in such position, that any secondary evidence may be given.

Should it be objected that, upon notice to the adverse party to produce an original, and the tender of a paper in answer to the notice, the party calling for the deed might deny that the paper tendered was the true paper called for; it would be easy to ascertain the identity of the paper, by a comparison of the contents of the paper tendered with the copy offered, and by the official certificate, which the register of deeds is required to make on the original, when it is recorded. This construction of the rule will carry out the principle on which it is founded, to insist on the better evidence when it can practically be had, and allow the secondary only when it is necessary. The court being of opinion that evidence was received which was not competent and ought not to have been admitted, the verdict is set aside, and a new trial ordered in the court of common pleas