JOHN B. LEWIS, JR. *vs.* CHARLES A. JACKSON.

Middlesex.   January 10, 1896. — March 11, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Forcible Entry and Detainer — Pleading — Amendment — Deed — Mortgage — Description of Parties — Affidavit of Sale — Action — Notice to Person in. Possession of Change in Title — Defence.*

Under Pub. Sts. c. 167, § 42, the Superior Court may allow an amendment to a declaration in an action on c. 175, to recover possession of real estate, merely making the description of the premises complete and accurate, which before was imperfect and general.

A mortgage of land, containing a power of sale, recited that the grantor, in consideration of a certain sum paid by A. L. (a woman), B. L., and C. L., "as he is trustee for M. L., J. L., and H. L.," conveyed to "the said A. L., B. L., and C. L., trustee as aforesaid "; and the habendum was to the same three persons so described. A deed subsequently made under the power of sale recited the conveyance in mortgage to "A. L. (now A. S.)" and the others described as in the mortgage; set out a grant by "the said A. S., B. L. and C. L., trustee"; and was executed by those three persons. An affidavit of sale began as follows: "We, A. L., B. L., and C. L., trustee, the mortgagees named in the foregoing deed," and was signed by "A. S., B. L., and C. L." *Held*, that the mortgagees in the mortgage, the grantors in the deed, and the affiants in the affidavit of sale were sufficiently and correctly described.

An affidavit of sale made by the mortgagees in a mortgage containing a power of sale recited that default had been made in the payment of the principal, interest, and taxes mentioned in the condition of the mortgage, " the said sums when it became payable " not having been paid or tendered. *Held,* that the grammatical error, in the use of the word "it " instead of " they," did not affect materially the meaning of the affidavit.

An action on Pub. Sts. c. 175, to recover possession of real estate, may be maintained upon proof that the defendant was in possession of the same without right when the action was brought, and the plaintiff is not bound to prove that such possession continued up to the time of the trial.

Where a mortgage of land and an affidavit of sale under a power therein executed by the mortgagees are duly recorded several months before an action is brought on Pub. Sts. c. 175, by the purchaser at the sale, to recover possession of the land, if the defendant is entitled to actual notice of the change in title and an opportunity to remove his property from the premises, it is on equitable grounds only, and, if any injustice is done him by bringing an action without giving him such notice, it is a matter to be shown in defence.

ACTION on Pub. Sts. c. 175, to recover possession of a house and land in Reading, alleged to be held by the defendant unlawfully and against the right of the plaintiff, and described as follows : " A certain lot of land with the buildings thereon situated on the easterly side of Hancock Street in said Reading, being lot numbered forty-nine on a plan by James A. Bancroft, dated April 29th, 1866, recorded in the Middlesex South District Registry of Deeds, book of plans 48, plan 41. The house on said lot is the second one north of Mineral Street on the easterly side of said Hancock Street." Writ dated November 6, 1893. In the Superior Court the defendant demurred to the declaration, on the following grounds : " 1. There is no sufficient description in said declaration of the alleged premises purporting to be described therein. 2. The premises in question are not described as required by law, and with legal certainty, in said declaration." *Bishop,* J. sustained the demurrer.

The plaintiff then moved to amend his declaration by filing a further description of the premises attempted to be described therein.

Upon the hearing of this motion, the defendant asked the judge to rule that he had no power to grant the motion, for the reason that it did not appear upon the face of the declaration for possession of what premises the action was intended to be brought.

The judge refused so to rule, and allowed the motion ; and the defendant excepted.

The declaration, as amended, described the premises by metes and bounds.

The answer admitted that the defendant was in possession of the premises attempted to be described in the declaration, but denied every other allegation therein, and set up title in the defendant.

At the trial, the plaintiff offered in evidence a deed from Oscar Foote to Charles W. Hatch, dated August 18, 1887, and duly recorded. This was admitted without objection. He then offered in evidence a deed of mortgage containing a power of sale in the usual form, dated November 10, 1887, and duly recorded, the material part of which was as follows: " Know all men by these presents that I, Charles W. Hatch of Lawrence in the county of Essex and State of Massachusetts, in consideration of three thousand dollars paid by Hattie B. Lewis, Ellen T. Lewis, both single women, and John B. Lewis, Junior, as he is trustee for Mary U. Lewis, John B. Lewis, 3d, Hattie B. Lewis, and Clarence H. Lewis, all of Reading in the county of Middlesex and State aforesaid, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell, and convey unto the said Hattie B. Lewis, Ellen T. Lewis, and John B. Lewis, Jr., trustee as aforesaid, and their heirs and assigns, a certain parcel of land." The habendum was " to the said Hattie B. Lewis, Ellen T. Lewis, and John B. Lewis, Jr., trustee as aforesaid, and their heirs and assigns." This was objected to by the defendant, on the ground that it was void, being ambiguous on its face as to the parties who were intended to be described as grantees therein, it not being clear whether John B. Lewis, Jr., one of the grantees, was intended to be described as trustee for Mary W. Lewis only, or for all the persons whose names followed after hers in the granting clause, or whether these other persons were not *cestuis que trust*, but separate parties to the deed. The objection was overruled, and the mortgage admitted in evidence ; and the defendant excepted.

The plaintiff then offered in evidence a deed dated April 1, 1893, and duly recorded, purporting to be made under the power of sale in the mortgage, the material part of which was as follows : " Know all men by these presents, whereas Charles W. Hatch of Lawrence in the county of Essex and Commonwealth of Mas-

sachusetts did by mortgage deed, dated Nov. 10, 1887, and re-corded in Middlesex (So. Dist.) Registry of Deeds, book 1825, page 564, convey the real estate hereinafter described to Hattie B. Lewis (now Hattie B. Swett), Ellen T. Lewis, and John B. Lewis, Jr., as he is trustee for Mary U. Lewis, John B. Lewis, 3d, Hattie B. Lewis, and Clarence A. Lewis, all of Reading." After the recital of a default in the performance of the con-ditions of the mortgage, a notice by publication, and a sale by public auction, the deed continued as follows: " Now therefore know all men, that we, the said Hattie B. Swett, Ellen T. Lewis, and John B. Lewis, Jr., trustee, by virtue and in execution of the power contained in said mortgage deed as aforesaid, and of every other power us hereto enabling, and in consideration of the sum of thirty-one hundred dollars to us paid by John B. Lewis, Junior, of said Reading, do hereby grant, bargain, sell, and con-vey unto the said John B. Lewis, Junior, his heirs and assigns forever, all and singular, the premises conveyed by the aforesaid mortgage deed." It was executed by " Hattie B. Swett, Ellen T. Lewis, and John B. Lewis, Jr., trustee." This was objected to by the defendant on the following grounds: " 1. That it was void by reason of containing the same patent ambiguity as to its grantors that the above mentioned mortgage deed contained as to its grantees. 2. That, if the preceding objection was un-sound, then this deed was void because not executed by the following of its grantors: John B. Lewis, 3d, Hattie B. Lewis, and Clarence H. Lewis." Both of these objections were over-ruled, and the deed admitted in evidence; and the defendant excepted.

The plaintiff then offered in evidence an affidavit of sale, dated April 1, 1893, and duly recorded as follows: " We, Hattie B. Lewis, Ellen T. Lewis, and John B. Lewis, Jr., trustee, the mortgagees named in the foregoing deed, on oath depose and say, that default has been made in the payment of the interest and principal and taxes mentioned in the condition of the mort-gage deed above referred to, the said sums when it became payable not having been at that time, or at any other time, paid or tendered to any person authorized to receive the same." This was signed by " Hattie B. Swett, Ellen T. Lewis, John B. Lewis, Jr." This was objected to by the defendant, on

the same grounds that the above named deed was objected to, and on the further ground that the affidavit of sale failed to show that the Hattie B. Swett whose name purported to be signed to it was the same person described as " Hattie B. Lewis, now Hattie B. Swett," in the deed; also that it was not competent as evidence that default had been made in the payment of interest and principal and taxes mentioned in the condition of the mortgage deed. The defendant's objection was overruled, and the affidavit of sale admitted in evidence; and the defendant excepted.

The defendant made no objection to the identity of the premises in suit with those described in each of the several instruments offered in evidence.

The defendant offered no evidence, and asked the judge to instruct the jury as follows: " 1. The plaintiff is not entitled, upon all the evidence in the case, to maintain his action or complaint. 2. The deed to the plaintiff from Hattie B. Swett and others, purporting to be executed by virtue and in execution of the power contained in the mortgage deed from Charles W. Hatch, is invalid; and the plaintiff did not and could not derive any such right or title thereunder as to enable him to sustain this action or complaint, for the reason that the deed to the plaintiff is not joined in nor executed by all the parties named as grantees or mortgagees in the mortgage deed, either in their own names, or as the attorney of Hatch; and because the deed to the plaintiff is not made and executed pursuant to and in conformity with the requirements of the mortgage deed, or of any power or authority therein contained or thereby conferred. 3. The plaintiff is bound to prove that the defendant has been, ever since the date of the complaint, and still is, in possession of the premises described in the complaint · as amended, and of every portion of said premises. 4. The plaintiff is also bound to prove that the defendant held and holds such possession as grantee or tenant, under some title, lease, or claim derived or obtained from Hatch or his grantee, and of a nature to be defeated by a sale and conveyance under the power of sale in the mortgage. 5. The affidavit of sale here offered in evidence by the plaintiff is not competent evidence of all the facts therein set forth and alleged, and proof of all of said facts is essential

and indispensable to enable the plaintiff to maintain this action or complaint. 6. The alleged affidavit of sale is of no validity, nor competent as evidence in this case, for the reason that the same does not show a full, complete, and legal compliance with all the requirements of the power of sale. 7. It was the duty of the plaintiff, before commencing this proceeding, to give to the defendant a reasonable notice of his claim of title, here set up, together with reasonable notice and opportunity to vacate said premises; and the giving of such notice and opportunity was a necessary and indispensable condition precedent to the right of the plaintiff to maintain this action or complaint."

The judge refused to give the instructions requested, and ruled that the evidence was sufficient to support the plaintiff's case.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. W. Pickering*, for the defendant.

*S. Bancroft*, for the plaintiff.

KNOWLTON, J. 1. The amendment of the complaint was rightly allowed. It was merely making the description of the premises complete and accurate, which before was imperfect and general. Pub. Sts. c. 167, § 42.

2. The mortgagees in the mortgage, and the grantors in the deed made under the power of sale, and the affiants in the affidavit of sale, were sufficiently and correctly described.

3. The bill of exceptions discloses no material error in the affidavit of sale. The use of the word " it," instead of the plural " they," is obviously a grammatical error which does not affect the meaning.

4. The plaintiff was not bound to prove that the defendant continued in possession of the premises up to the time of the trial. His action can be maintained upon proof that the defendant was in possession without right when the suit was brought. *Hebron Church* v. *Adams*, 121 Mass. 257.

5. The defendant contends that a verdict cannot be rendered for the plaintiff for want of proof of notice to the defendant that the mortgage had been foreclosed and that the plaintiff had acquired a title. The case shows that the deed and affidavit of sale under the mortgage were duly recorded. They bear date April 1, 1893, and the action was not commenced until Novem-

ber 6, 1893. The record of a deed is constructive notice of the conveyance to all persons claiming property under a title which is subject to the title conveyed by the deed. The Pub. Sts. c. 175, § 1, give a purchaser, at a sale under a power contained in a mortgage of real estate, the right to recover possession by this summary process, and treat his right and title as complete when the foreclosure is completed. If we assume in favor of the defendant, without deciding, that it would be a defence to the action to show that it was commenced without actual notice to him of the change in title and a reasonable opportunity to remove his effects from the premises, (see *Pratt* v. *Farrar*, 10 Allen, 519,) we are of opinion that the statute gives the plaintiff a right to bring his suit that is *prima facie* good upon the completion of the foreclosure, and the recording of the deed and affidavit of sale. If the defendant is entitled to notice of the change of title, and an opportunity to remove his property, it is upon equitable grounds, and not because he has any longer a legal title to the premises. If injustice is done him by bringing an action without giving him such notice, it is a matter which should be shown in defence. In *Hooton* v. *Holt*, 139 Mass. 54, it was held that, if the action was brought too soon after the defendant had notice of the change in the title, it was a matter to be shown by him. No issue upon this point was raised by the defendant's answer in the present case, and no evidence was offered by him at the trial.                                    *Exceptions overruled.*