ARTHUR R. HENDERSON & another *vs.* RAYMOND SYNDICATE.

Suffolk.   March 13, 1903. — May 23, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Corporation. Agency. Practice, Civil*, Exceptions.

A letter dictated by the general manager of a corporation to the stenographer of the corporation, who also is its secretary, and who wrote out and signed it in typewriting in the name of the corporation, as she did the other letters sent by the manager, properly is admitted in evidence against the corporation, if the manager had authority to write it.

In an action by a real estate broker against a corporation for a commission for procuring a purchaser for certain land of the defendant, the plaintiff offered in evidence a letter from the general manager of the defendant admitting that the plaintiff was entitled to a commission on the sale of the land.   The evidence was admitted against the defendant's objection.   It appeared, that the directors of the corporation voted to employ the writer of the letter as managing director of the sales stores of the corporation, and also that they voted to sell the lot of land in question to the purchaser.   The president of the corporation testified that he had never objected, nor ever had known of any objection being made to anything the managing director did for the corporation in the management of its business.   *Held*, that the letter was admitted properly; that the jury were warranted in finding that the corporation was content to leave the management of its entire business, with all matters incidental thereto, to its general manager, that the employment of a broker to make the sale was incidental to the sale, and

that the ratification of the sale by the directors ratified everything incidental to it, no vote to authorize the employment of a broker being necessary.

No exception lies to the charge of a presiding judge upon a matter which was not pointed out to him by the excepting party at the trial so that he could have the opportunity of correcting any error in the presence of the jury.

No exception lies to the refusal of a judge to pick out a single piece of evidence and instruct the jury what its effect would be standing alone.

CONTRACT by real estate brokers for a commission for their services in effecting a sale of certain land of the defendant. Writ dated December 20, 1901.

At the trial in the Superior Court before *Pierce, J.*, the jury returned a verdict for the plaintiffs in the sum of $500 ; and the defendant alleged exceptions.

*F. S. Hesseltine,* for the defendant.

*D. T. Dickinson & A. Dickinson,* for the plaintiffs.

LATHROP, J. The plaintiffs are real estate brokers, and bring this action to recover a commission for their services in effecting a sale of a parcel of land in Hurlburt Street in Cambridge. The defendant is a Maine corporation, doing business in this Commonwealth, and four persons own all of the stock. The general manager of the corporation at the time of the transaction in question was George J. Raymond, with whom the plaintiffs contended that they did business. At the trial in the Superior Court the jury returned a verdict for the plaintiffs, and the case is before us on the defendant's exceptions.

The land, for the sale of which the plaintiffs claim commission, came to the defendant as collateral security for a debt, and we assume, though the fact does not directly appear, that the defendant acquired title to it, for it was sold by the corporation to one Lyons. Without going over the evidence in detail, we are of opinion that it was sufficient to warrant the jury in finding that the plaintiffs through their efforts procured the customer who bought the land, and were entitled to their commission, and that this was done with the knowledge and consent of George J. Raymond, who was acting for the defendant corporation.

The first exception relates to the admission of a letter, dated December 13, 1901, addressed to the plaintiffs and signed " The Raymond Syndicate," which reads as follows: " Before doing business with Mr. Lyons we were careful to learn what your commission would be, and advised that, if anything, it would be

$125. We would not care, however, to have any dispute or controversy in the matter, and rather than do so, would probably send you a check for $250. If this is not quite satisfactory, we will not expect to hear from you directly." There was evidence that this letter came to the plaintiffs in reply to the bill sent by the plaintiffs to the defendant. The admission of the letter in evidence was objected to on the ground that it was typewritten, not signed by the defendant or by any one known, and that no authority on the part of any one to write it was shown. Other similar grounds of objection were made, which need not be stated. The bill of exceptions states: "No objection was made to the use of this letter as being an offer of compromise, the only objection being as to the alleged lack of authority for such a letter from the defendant corporation."

If this letter had been excluded by the judge at the time it was offered in evidence, on the ground that it did not sufficiently appear that it was authorized, it subsequently appeared that it was dictated by the general manager to the stenographer of the corporation, who was also its secretary, and that she wrote and signed it as she did the other letters sent by the manager. After this evidence appeared, the plaintiffs could again have offered the letter in evidence. If Raymond had authority to write the letter, it was properly admitted in evidence. This question we shall now consider.

There was a vote of the corporation in 1893, to employ George J. Raymond as the managing director of the sales stores of the company, and a vote of the directors authorizing the sale to Lyons. There was evidence that beyond these two votes there were no votes on record authorizing Raymond to have any dealings with the real estate of the corporation, or to employ any brokers. There was also evidence from the president of the corporation that Raymond was the general manager of the defendant; and that no formal votes were made or placed upon the corporate records in regard to the business transactions of Raymond for the syndicate. The witness further testified that he never had objected, nor ever had known of any objection being made by any of the members of the corporation to anything that Raymond ever did for the corporation in the management of its business.

We are of opinion that on the evidence in the case the jury were warranted in finding that the corporation was content to leave the entire business of the corporation, with all matters incidental thereto, to the management of Raymond. The employment of a broker to make the sale was merely something incidental to the sale. The ratification of the sale by the directors necessarily ratified everything incidental thereto. No vote of the directors to authorize the employment of a broker was necessary. See *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 175, 179, and cases cited; *Topping* v. *Bickford*, 4 Allen, 120; *Sherman* v. *Fitch*, 98 Mass. 59, 64.

At the close of the evidence the defendant asked the judge to direct a verdict for the defendant. It sufficiently appears from what we have already said that this request was properly refused.

The defendant then asked that eight requests for instructions be given. The judge without passing upon these requests charged the jury. At the close of the charge, the defendant excepted to the failure to give the instructions requested, and to so much of the instructions as were contrary to the requests; and excepted to the rulings and statements which tended to show that the defendant was liable, and that the jury might infer this as a fact from the evidence. The judge then stated that he refused to have any exceptions taken unless pointed out; that he intended to give all the requests, and if he had not given any he desired to have it pointed out. Counsel then said that it was impossible to review the charge and point out wherein there was a failure to comply with the request, and claimed his exception.

We think the judge meant to say that he intended to cover all the requests, and not that he intended to give them, for some of them he did not give in form or substance, nor could he rightly give them. He was entitled, however, to have any variation pointed out to him, so that any error he had made could be corrected in the presence of the jury. " The statements of law contained in the charge are therefore not open to revision here." *Commonwealth* v. *Costley*, 118 Mass. 1, 22, 23.

Turning then to the instructions requested, we will consider them in their order.

The first two requests have not been argued and we regard them as waived.

The third request is as follows: "That to recover for commissions a broker must prove direct authority or employment by the principal." This request could not be given without proper modifications and instructions, so as to make it applicable to the facts of the case.

The fourth request is in effect that a vote of the corporation was required before Raymond could employ the plaintiffs. This is not a correct statement of the law. If the jury found that Raymond was authorized to sell the land, and that the employment of a broker was necessary to effect such sale, no vote of the stockholders was necessary.

The fifth request is: "That the plaintiff cannot maintain this action without proving that the defendant corporation authorized the employment of the plaintiff as a broker to sell the real estate." This is covered by what we have already said.

The sixth and seventh state previous requests in a slightly different form, and need no further consideration.

The eighth request is to the effect that merely the evidence that the corporation conveyed the land to Lyons is not sufficient for the jury to find that the corporation knowingly employed the plaintiffs or authorized their employment, and upon this evidence alone the plaintiffs could not recover. If this request was not covered by what the judge said in his charge, it is enough to say that the judge was not bound to pick out a single piece of evidence and instruct the jury what its effect would be standing alone.

*Exceptions overruled.*