## NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY *vs.* ISA B. WING.

Middlesex.    December 6, 1905. — March 6, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Corporation.    Agency.    Summary Process for the Possession of Real Estate.*

In a summary process brought under R. L. c. 181 by a corporation for the possession of certain real estate mortgaged to the plaintiff and conveyed to it by a purchaser at a foreclosure sale under the mortgage who acted as the plaintiff's agent in buying in the property, it appeared that the deed given to the purchaser at the foreclosure sale was executed by the plaintiff's president in the name of the plaintiff as mortgagee, that a vote of the plaintiff's board of directors authorized the president to foreclose mortgages and if foreclosed by sale to execute in the plaintiff's name the necessary deeds subject to the approval of a member of the finance committee, that such approval was indorsed on the deed by a member of that committee after it had been delivered and recorded and after the action had been brought and the case had been tried in a police court and was pending in the Superior Court on appeal. The bringing of the action was found to have been the act of the corporation. *Held*, that by bringing the action the corporation ratified the act of its president and made the deed good, so that it was not necessary to decide whether the indorsement of the deed by the member of the finance committee had the effect of a ratification.

The president of a life insurance company has not by virtue of his office authority to foreclose a mortgage belonging to the company or to execute a deed of the mortgaged property after a foreclosure sale, although the company has no officer known as treasurer.

In a summary process under R. L. c. 181 for the possession of real estate conveyed to the plaintiff by its purchaser at a foreclosure sale under a mortgage, if the plaintiff shows that there was a breach of a condition of the mortgage followed by a foreclosure sale strictly in accordance with the terms of the power given by the mortgage, he is entitled to judgment for the possession of the property, and the defendant cannot be allowed to show that the price bid and accepted at the foreclosure sale was unfair. If the defendant seeks to reopen the foreclosure on the ground of fraud he must resort to a court of equity for affirmative relief.

SUMMARY PROCESS under R. L. c. 181 for the possession of certain real estate numbered 271 on Mill Street in Newton, which had been mortgaged to the plaintiff and was conveyed to it by the purchaser at a foreclosure sale made by the plaintiff under the mortgage, the defendant being the owner of the equity of redemption at the time of the foreclosure. Writ in the Police Court of Newton dated October 11, 1904.

On appeal to the Superior Court the case was tried before *Crosby,* J. At the close of the evidence, the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to rule as requested, and the defendant excepted. Whereupon the defendant's counsel stated that under the rulings made by the judge he did not desire to go to the jury, and filed a waiver of the right of trial by jury in order that the judge might report the questions of law involved. The judge then found that the plaintiff was entitled to recover possession of the premises, and reported the questions of law raised by his rulings for determination by this court. If the rulings were right, judgment was to be entered for the plaintiff in accordance with the finding; if there was error in the rulings, such order for a new trial or other order was to be made as this court should deem proper.

*H. P. Harriman,* for the defendant.

*R. Foster & W. D. Turner,* for the plaintiff.

BRALEY, J. The purchaser at the foreclosure sale of the demanded premises was the plaintiff's agent, who after taking a conveyance of the property, as a part of the transaction deeded it to the plaintiff, which for the purposes of this action may be deemed the actual purchaser, and if the title is invalid because

the mortgage was not foreclosed regularly this action cannot be maintained. *North Brookfield Savings Bank* v. *Flanders,* 161 Mass. 335. *Lowe* v. *Moore,* 134 Mass. 259. The deed given to the purchaser at the foreclosure sale was executed by the plaintiff's president in the name of the plaintiff as mortgagee. By the terms of the vote passed by the plaintiff's board of directors the president was authorized to foreclose mortgages, and if foreclosed by sale to execute in the company's name the necessary deed or deeds required, but the authority thus conferred was made subject to the approval of a member of the finance committee, which was not given until after the deed under the power of sale had been delivered and recorded. To avoid this infirmity it is now contended that as the company had no officer known as a treasurer, the president was clothed with the implied powers of such an official in the collection of its debts, and where they were secured by mortgage to realize on the security by a sale. *Bristol County Savings Bank* v. *Keavy,* 128 Mass. 298. *Holden* v. *Upton,* 134 Mass. 177. *Smith Charities* v. *Connolly,* 157 Mass. 272. But there is no statement in the report upon which this argument can rest, and the office of president of itself did not confer original authority to foreclose the mortgage, or to execute the deed. *England* v. *Dearborn,* 141 Mass. 590. If, however, originally an unrestricted power was not delegated, the act of the president could be ratified. The bringing of the action is found to have been the act of the corporation, and having been so instituted the action may be treated as an acceptance of the deed, thus ratifying his unauthorized action ; and such ratification has all the force of an original sanction. *Lowe* v. *Moore, ubi supra. Henderson* v. *Raymond Syndicate,* 183 Mass. 443. It therefore does not become necessary to decide whether the indorsement of a member of the finance committee approving the sale, which was affixed not only after the instrument was recorded, but some time after the first trial of the case, and while it was pending in the Superior Court on appeal, was sufficient as a ratifying act. See *Hutchins* v. *Byrnes,* 9 Gray, 367, 370; *Sherman* v. *Fitch,* 98 Mass. 59, 64.

If the title of the plaintiff upon its face was thereby perfected, the defendant further contends that the sale was neither made in good faith, nor properly conducted, and that the exclu-

sion of evidence by which she offered to show this was wrong. In an action under summary process by the purchaser at a mortgagee's sale, the legal title may be put in issue, and it therefore became incumbent upon the plaintiff to establish its right of possession to the land demanded. *Page* v. *Dwight*, 170 Mass. 29, 40. *Williams* v. *McGaffigan*, 132 Mass. 122, 123. *Harris* v. *Carmody*, 131 Mass. 51. It indeed has been decided as the defendant contends, that if there has been no default in the performance of the conditions of the mortgage the mortgagee cannot sell the mortgaged premises so as to convey any title whatever to the purchaser. *Rogers* v. *Barnes*, 169 Mass. 179, 184. This, however, is a different question from that raised by the report, as there was ample evidence that the taxes had not been paid by the mortgagor, or by her, and that the interest was in arrears. A failure to pay either was a breach of the conditions of the mortgage entitling the mortgagee to foreclose.

If the plaintiff had been guilty of misconduct by which the interests of the defendant had been deliberately sacrificed, or the sale had been conducted for the purpose of permitting the plaintiff to acquire title to the property at less than its fair valuation, a court of equity, upon a bill for that purpose, would reopen the foreclosure if fraud was found, and set the sale aside. Upon such an issue the evidence excluded would have been relevant.[*] *Montague* v. *Dawes*, 14 Allen, 369. *Clark* v. *Simmons*, 150 Mass. 357, 359. But this evidence was inadmissible in the present suit as the remedy to recover possession, conferred upon the plaintiff by R. L. c. 181, § 1, treats the title of the purchaser as complete for this purpose when, after condition broken, the foreclosure which follows is shown to have taken place strictly according to the terms of the power of sale. *Learned* v. *Foster*, 117 Mass. 365, 369. *Lewis* v. *Jackson*, 165 Mass. 481, 487. R. L. c. 187, §§ 14, 15. While the answer is not governed

---

[*] The price at which the agent of the plaintiff purchased at the foreclosure sale was $8,000. The defendant offered to show that the fair market value of the mortgaged property in 1904 was $15,000. The judge, upon the objection of the plaintiff, excluded this testimony, stating "that it was not competent in this kind of a case to attack the sale upon grounds such as that the price realized was inadequate, no tender of the amount due the plaintiff having been shown."

by the requirements of R. L. c. 173, §§ 27, 35, which refer only to actions of contract, tort or replevin, and the defendant may show under a general denial that the deed under which possession of the premises is demanded is invalid, yet as the right to possession follows the legal title when it is established, if the owner of the equitable title at the time of sale has sufficient grounds upon which to reopen and set aside the foreclosure he must resort to a court of equity for affirmative relief. *Harris* v. *Carmody, ubi supra. Smith* v. *Johns*, 3 Gray, 517, 519.

In accordance with the terms of the report there must be,

*Judgment for the plaintiff on the finding.*