## CROWN CENTRAL PETROLEUM CORPORATION v. BATES.

Circuit Court of Appeals, Fifth Circuit.
January 17, 1930.

No. 5542.

Pat N. Fahey, of Houston, Tex. (Boyles, Brown & Scott and Pat N. Fahey, all of Houston, Tex., on the brief), for appellant.

F. A. Williams, of Galveston, Tex., and Ned B. Morris and Roy C. Sewell, both of Houston, Tex. (Morris, Sewell & Morris, of Houston, Tex., and Williams, Neethe & Williams, of Galveston, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. This suit was brought in the district court of Harris county, Tex., to recover an alleged commission for the sale of certain real property. It was removed to the court below upon the ground of diverse citizenship.

Plaintiff, appellee, claimed to have been employed by the president of the defendant company, acting under a special resolution of the board of directors, to sell said property. The property was sold through the efforts of plaintiff, and the principal defenses, after denial of the fact of employment, were: First, that the president had no authority to so employ the plaintiff; and, secondly, that if he did, then there was no consideration flowing to defendant from plaintiff, because he was already employed by defendant and was required to give all of his time and services to it.

The jury was waived and both parties moved for judgment. In its motion, the defendant, appellant, urged as grounds therefor: (1) The want of authority of the president to make the employment; (2) plaintiff's failure to prove such authority; (3) because the original petition failed to state a cause of action, and a trial amendment coming more than two years after the accrual of the right, if any, was barred by the statute of limitations of the state of Texas (Rev. St. Tex. 1925, art. 5526); (4) because plaintiff agreed to take, in lieu of any commission, stock in another corporation to be formed, and therefore, if entitled to anything, it could only be for damages for the breach of a contract to create a corporation and to give a certain interest therein; and (5) because under the terms of plaintiff's employment, he was bound to give all of his time and efforts to the defendant and there was no consideration to support an agreement for additional compensation. This motion was denied, and

on the contrary, the court gave judgment for the plaintiff, as prayed for.

The assignments of error cover the same points as those raised in defendant's motion for judgment, and in addition three others, to wit, the admission in evidence of a certain letter by the plaintiff to the president of the defendant company, to the court's rendering judgment in favor of plaintiff, and to its refusal to find for the defendant.

Defendant was the owner of certain oil properties and was desirous of disposing of some of them for the purpose of readjusting its business. Accordingly, the board of directors passed the following resolution:

"After a general discussion of the subject from all angles it was expressed as the sense of the board that the president of this corporation should undertake to sell off, subject to the approval of the board, the outside holdings of the company, being all of the holdings except the Houston refinery and Miranda property, that is selling such of the properties as he found most readily saleable and at the least sacrifice."

"And then that the proceeds of such sale should be reinvested in, first, the development of the Miranda holdings, second, the development of some of the outside leases to demonstrate their full possibilities as oil properties, or to put them in proper shape for satisfactory sale; third, a cracking plant as an addition to the refinery at Houston. In this connection Mr. Williams is authorized, subject to the approval of the board, to trade some of the outstanding acreage for a cracking plant installed."

Plaintiff was at the time already employed by the defendant company as assistant to the president on a salary of $750 per month. He testified that after the adoption of the above resolution, he was informed by Williams, the president, that if he would find a purchaser for said properties he would be paid a commission of 5 per cent. and in corroboration thereof offered in evidence the letter which is covered by the first assignment of error. This was written while negotiations were going on for the sale of the property. After stating the proposition which had been made by a prospective purchaser, and expressing his opinion of it, plaintiff's letter concluded with this sentence: "The above sale would be subject to commission mentioned in our discussions." He says that the quoted language had reference to the agreement to pay him (plaintiff) the commission of 5 per cent., and if Williams had authority to employ him and the other ques-

tions of his right to accept such employment and the defendant's contention that there was no consideration therefor be not sustained, then we can see no sound reason why this letter was not only admissible, but pertinent to the very issue in contest, i. e., whether there had been an agreement to pay a commission. If Williams had authority to sell the property, he would certainly be authorized to carry on negotiations to that end, and any correspondence had in that connection could have been in no other capacity than as the agent of the defendant company. A statement made or claim asserted in that connection to him must be held to have been to the company, for there is no contention that he was acting in an individual capacity. We therefore think the lower court did not err in overruling defendant's objection to this letter that it was self-serving. Any statement of a party in his own behalf under such circumstances would be self-serving, but at the same time it would also have the effect of bringing home to the defendant, through its authorized representative, before the completion of the transaction and while the service was being performed, if plaintiff's contention of its meaning is correct, that the plaintiff was expecting a commission on the sale. See 22 C. J. p. 321 et seq., § 356.

The evidence otherwise is somewhat in conflict as to the making of the agreement with plaintiff, but there is substantial proof to sustain the finding of the court below, and since the jury was waived, we would not be justified in reversing his finding on this issue of fact any more than we would if it had been decided by a jury.

As to the authority of the president to employ the plaintiff, we think the resolution quoted above is ample. It is true, any sales were made subject to the approval of the board of directors, but its terms are sufficiently broad to permit him to employ agents or persons to effect the object of the resolution. If he had employed an outside real estate dealer under the same terms claimed by plaintiff, defendant could have hardly escaped payment of the promised commission after it had ratified the sale and taken advantage of such agent's services. Williams' knowledge, under such circumstances, must be held to have been equivalent to the knowledge of the company and its directors. Hartford & New York Transp. Co. v. Plymer (C. C. A.) 120 F. 624; Conservation Co. v. Stimpson, 136 Md. 314, 110 A. 495; Northern Central Railway Co. v. Bastian, 15 Md. 494; Henderson v. Raymond Syndicate, 183 Mass. 443, 67 N. E. 427.

We can see no merit in the plea of limitations. In his original petition, plaintiff set forth fully his cause of action, but neglected to allege amicable demand as required by the law of Texas. The trial amendment was simply for the purpose of supplying this defect, and it did not add to or detract from the basis of his right to recover, if sustained by the proof. The amendment simply made the pleading conform to the evidence. Kinney v. Lee, 10 Tex. 155; Coles v. Portis, 18 Tex. 156; Killebrew v. Stockdale, 51 Tex. 529; Scoby v. Sweatt, 28 Tex. 713; Illinois Surety Co. v. United States, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609; Seaboard Air Line v. Renn, 241 U. S. 290, 36 S. Ct. 567, 60 L. Ed. 1006.

As to the contention that plaintiff was already employed by the defendant and was required to perform this service as a part of that employment, it is sufficient to say that even as to the president of the company, it was not considered by the directors that he had authority to make these sales, which was given by special resolution of the board of directors; and if he did not have that power and it was not a part of his duties under the wide scope of his control of the business of the company, it would seem to follow that such transaction was not embraced within the duties of the plaintiff. The resolution made no reference to the latter, and the president was thereunder, we think, at liberty to employ any one whom he saw fit, including the plaintiff, to find a purchaser for the property. The service which he rendered not being a part of the work for which he was paid his salary, and he having found a purchaser at a price and on terms satisfactory to defendant, the latter cannot now be heard, after accepting the benefits, to urge the want of consideration or that the price which it received was less than was contemplated when the plaintiff was employed. It had the right, through its president, who had knowledge of plaintiff's right to receive the commission, to decline the proposition altogether if the price and terms were not satisfactory. This it did not do.

With respect to the point that if any commission was due, plaintiff agreed to accept in lieu thereof stock in another corporation to be formed, the record shows that some discussion of this projected company was had both by the board of directors, the president, and plaintiff from time to time, but nothing ever came of it; the company was never formed, and there is no conclusive proof in the record that plaintiff ever consented to such a substitution for his alleged

commission. To say the least, the evidence was such that the court below could have and doubtless did reach the conclusion that these discussions never went beyond the stage of negotiations, and hence there was no novation of the obligation to pay the commission. We would therefore not be justified in disturbing its ruling upon this question of fact.

After a careful consideration of the whole record and the points raised by appellant, we are of the opinion that the judgment should be, and it is hereby, affirmed.