Hand, J.
This is a summary process action against defendant-appellant Davor Saric (“Saric”), the former owner of a condominium unit (“Unit”) in Franklin. The plaintiff-appellee, Federal National Mortgage Association (“FNMA”), alleges that it obtained good title to the Unit by assignment following foreclosure sale. Saric remained in possession of the property after foreclosure, and FNMA filed this suit to evict him. After a jury-waived trial, the court found, for FNMA and awarded it possession of the Unit.
FNMA’s evidence at trial was limited to the following four documents:
Exhibit 1: Certified copy of Complaint to Foreclose Mortgage
Exhibit 2: Certified copy of Massachusetts Foreclosure Deed by Corporation (“Copy of Deed”), with accompanying Affidavit of Marc J. Hinkle (“Affidavit”)[1]
Exhibit 3: Certified copy of 72-Hour Notice to Quit
Exhibit 4: Summary Process Summons and Complaint
FNMA did not offer any witness testimony, either to authenticate the documentary exhibits, or for any other purpose. Saric objected timely to the introduction of each of FMNA’s exhibits, arguing, first, that the documents were not properly authenticated and, second, that even if the documents themselves were authentic, the substance of those documents was inadmissible hearsay. Saric relies on the same grounds in support of this appeal. As we discuss below, although a mortgagee may prove title under these circumstances solely on the basis of documentary evidence, FNMA’s documentary evidence in this case did not meet the evidentiary requirements for admission, and should have been excluded. Accordingly, we vacate the trial court’s judgment for FMNA, and return the case for a new trial.
It is well settled that in a case for summary process after foreclosure, the only legal question for the trial court is whether the mortgagee — here, FMNA — obtained title to the property strictly according to the power of sale in the mortgage. See Wayne Inv. Co. v. Abbott, 350 Mass. 775 (1966), citing New England Mut. Life Ins. Co. v. Wing, 191 Mass. 192, 195-196 (1906). To make a prima fade showing of its title, the mortgagee need prove only that it obtained a deed to the property at issue, and that the deed and affidavit of sale showing compliance with the power of sale were duly recorded. Lewis v. Jackson, 165 Mass. 481, 486-487 (1896).
As the presumed keeper of an original deed to itself, see Commonwealth v. Emery, 68 Mass. 80, 81 (1854), FMNA was limited at trial to introducing the original deed, absent a proper foundation for the introduction of secondary evidence. See Samuels v. Borrowscale, 104 Mass. 207 (1870) (“It is well settled in this Commonwealth that a party relying on a deed made immediately to himself... must produce the original deed, or lay a foundation in the usual manner for secondary evidence. ...”), citing Commonwealth v. Emery, supra. Cf. Eaton v. Campbell, 24 Mass. 10, 12 (1828) (certified copy of deed admissible without need of live witness *179 testimony, where original deed is not available to proponent of evidence).[2] In an appropriate case, a grantee may lay a foundation for the introduction of “secondary evidence” on the issue of the deed. FMNA could have demonstrated, for example, that the original deed to FMNA had been lost or destroyed, or was otherwise beyond the control of FMNA, see Poignand v. Smith, 8 Pick. 272, 278-279 (1829) (copy of deed admissible where original deed has been lost); Inches v. Leonard, 12 Mass. 379, 381 (1815) (same). But FMNA did not lay such a foundation in this case. On the record before us, FMNA was not entitled to introduce a certified copy of its deed for the Unit.
Similarly, although G.L.c. 244, §15 directs that an affidavit of sale showing “that the requirements of the power of sale and of the statute have in all respects been complied with... shall be admitted as evidence that the power of sale was duly executed," the Affidavit here did not meet those statutory requirements for admissibility-[3] While *180 the Affidavit describes some of the history of the foreclosure and sale of the Unit, it does not show, or even clearly state, that the requirements of the power of sale included in the mortgage at issue here had “in all respects been complied with” during the course of the foreclosure. Id. On the record before us, the Affidavit was not admissible under G.L.C. 244, §15.
On this record, FMNA did not present competent evidence that it obtained title to the Unit according to the power of sale in Saric’s mortgage. Accordingly, judgment for possession for FMNA is vacated, and the case is returned to the Wrentham District Court for a new trial.
So ordered

 Relevant to the discussions here, exhibit 1, the single-page Complaint to Foreclose Mortgage, bears a stamped certification of the Norfolk County Register of Deeds. Exhibit 2, seven pages recorded at Book 26158, pages 515 to 521, has on page 520 a certification from the Norfolk County Register of Deeds indicating certification from page 515.

 We note that had FMNA offered the original Deed, it would have been admissible over Saric’s hearsay objection. See Dow v. Dow, 243 Mass. 587, 590 (1923) (deed admissible to show title and extent of property to which deed pertains).

 The Affidavit reads as follows:
I, Marc J. Hinkle
of PHH Mortgage Corporation filch Cendant Mortgage Corporation make oath and say that the principal and interest obligation mentioned in the mortgage above referred to were not paid or tendered or performed when due or prior to the sale, and that PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation caused to be published on July 2, 2008, July 9,2008 and July 16,2008 in the Milford Daily News, a newspaper published or by its title page purporting to be published in Milford, there being no newspaper published in Franklin and the Milford Daily News having a general circulation in Franklin, a notice of which the following is a true copy, (See attached Exhibit A) [.]
I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices certified mail, return receipt requests.
Pursuant to said notice at the time and place therein appointed PHH Mortgage Corporation f/k/a Cendant Mortgage corporation sold the mortgaged premises at public auction by Paul Mulkerron, a duly licensed auctioneer, to PITH Mortgage Corporation f/k/a Cendant Mortgage Corporation for TWO HUNDRED FORTY-TWO THOUSAND AND 00/100 ($242,000.00) DOLLARS bid by PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation, being the highest bid made therefor at said auction. Said bid was then assigned by PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation to Federal National Mortgage Association, as evidenced by assignment of bid to be recorded herewith as Exhibit ‘B.’
PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation
By: /s/
Marc J. Hinkle, Vice-President