Finnerty, J.
Federal National Mortgage Association (“FNMA”) brought a summary process action against Davor Saric (“Saric”) seeking possession of certain real estate in Franklin, Massachusetts. Saric was the former owner and mortgagor who held over after a foreclosure sale in which FNMA acquired title.
The summary process case was tried on June 18, 2009, and judgment for possession was awarded to FNMA Saric appealed, and this Appellate Division vacated the judgment and remanded the case for a new trial.[1] The case was retried on December 16,2011, following which judgment entered for Saric on Februaiy 29,2012. On March 8,2012, FNMA claimed an appeal to the Appeals Court which, on January27,2014, dismissed the appeal.[2] On February 27,2014, FNMA filed the instant appeal to this Division under Rule 8C of the Dist/Mun. Cts. R. A D. A
General Laws c. 239, §3 requires that an appeal of a District Court summary process action is to the Appellate Division of the District Court Rule 4(a) of the Dist./ Mun. Cts. R.AD.A provides that such appeals be filed with the clerk of the trial court within ten days after the entry of the judgment in the case being appealed. In this case, the deadline for the appeal was March 12,2012.[3]
The trial court is permitted to extend the time for filing the notice of appeal for up to ten days, but only upon a showing of excusable neglect Furthermore, the court has no discretion to permit the filing of the notice of appeal more than 180 days after the entry of the judgment of which appeal is sought.[4] Here, the appeal was filed 729 *40 days after entry of the judgment,[5] and application of the foregoing rules compels us to dismiss FNMA’s appeal without the need to consider any issue of excusable neglect or the underlying evidentiary ruling of the trial court.
The appeal is dismissed.

 Federal Nat’l Mtge. Ass’n v. Saric, 2010 Mass. App. Div. 177.

 Federal Nat’l Mtge. Ass’n v. Saric, No. 2013-P-0634 (Mass. App. Ct. Jan. 27, 2014). In a memorandum and order, dated January 27,2014, the Appeals Court ruled that it did not have jurisdiction to resolve a direct appeal where G.L.c. 239, §3 plainly states that an appeal of a summary process matter “shall be to the appellate division.”

 The tenth day, March 10,2012, was a Saturday.

 Rule 4(c) of the Dist./Mun. Cts. R. A D. A provides, “Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of *40 the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired. A request for an extension shall be made by motion with such notice as the trial court shall deem appropriate, and in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or post-judgment order of which appeal is sought.”

 February 29,2012 to February 27,2014 is 729 days.