APPEALS COURT 
 
 MTGLQ INVESTORS, LP vs. KATHLEEN McINTOSH[1] & others.[2]

 
 Docket:
 24-P-1091
 
 
 Dates:
 September 15, 2025 – December 11, 2025
 
 
 Present:
 Shin, Grant, & Hershfang, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Mortgage, Foreclosure, Real estate. Real Property, Mortgage, Sale. Sale, Real estate. Notice, Foreclosure of mortgage. Practice, Civil, Standing, Summary process. Summary Process.
 
 

 

      Summary process.  Complaint filed in the Northeast Division of the Housing Court Department on May 21, 2018. 

      The case was heard by Gustavo A. del Puerto, J. 

      Adam T. Sherwin for Kathleen McIntosh.
      Peter V. Guaetta for the plaintiff.

SHIN, J.  MTGLQ Investors, LP (MTGLQ), brought the underlying summary process action after acquiring title to the subject property through foreclosure.  Of the named defendants, only Kathleen McIntosh participated in the litigation.  The primary defense she raised was that the notice of default sent to the mortgagor, defendant Frank T. Costa, Jr. (Costa), did not strictly comply with paragraph 22 of the mortgage, rendering the foreclosure void under Pinti v. Emigrant Mtge. Co., 472 Mass. 226 (2015).  McIntosh is not a party to the mortgage.
After a bench trial, a Housing Court judge concluded that MTGLQ established a prima facie case for possession and that, while McIntosh had standing to raise a claim under Pinti, she failed to prove the merits of her claim.  Judgment for possession entered for MTGLQ, and McIntosh appeals.  Although McIntosh has credible arguments that the notice of default was defective under Pinti, we conclude that she lacks standing to raise such a claim because she was neither a party to nor an intended beneficiary of the mortgage.  We are further unpersuaded by McIntosh's remaining claim that MTGLQ failed to send her a valid notice to vacate.  On these grounds, we affirm.
Background.  Costa, McIntosh's former husband, purchased the property in 1999.  On January 12, 2005, Costa granted a mortgage on the property to Washington Mutual Bank, F.A., to secure a note in the principal amount of $215,000.  Paragraph 22 of the mortgage provides that, prior to acceleration of the loan, the lender must send a notice that informs the borrower, among other things, "of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."  McIntosh was not a party to the mortgage or the note.
In 2009 Costa transferred his interest in the property to McIntosh, apparently in connection with their divorce.[3] The quitclaim deed states that the property was "being conveyed subject to . . . an existing mortgage to Washington Mutual Bank, F.A. dated January 12, 2005."  Although the record is murky on the specifics of the transaction, it is undisputed that, despite conveying his interest in the property, Costa alone remained obligated to repay the mortgage loan.
In March 2016, after Costa failed to make multiple mortgage payments, JPMorgan Chase Bank, N.A. (Chase), then the loan servicer, sent him a notice of default.  The notice contained the following warning:
"If you fail to cure the default on or before 08/19/2016, Chase may accelerate the maturity of the Loan, declare all sums secured by the Security Instrument immediately due and payable, commence foreclosure proceedings and sell the property.  You have the right to reinstate after acceleration of the Loan and the right to bring a court action to assert the nonexistence of a default, the right to assert in the foreclosure proceeding the non-existence of a default, or any other defense to acceleration, foreclosure, and sale."[4]

When Costa failed to cure the default, MTGLQ, by then the holder of the mortgage and the note, foreclosed and acquired the property via foreclosure deed recorded on April 27, 2018.  Days later, MTGLQ sent notices to vacate to McIntosh, Costa, and Anthony F. Costa (whom MTGLQ believed to be McIntosh and Costa's son).  After several years of litigation between MTGLQ and McIntosh, the case went to trial in August 2023, resulting in judgment for possession for MTGLQ.
Discussion.  1.  Standing to raise Pinti claim.  In Pinti, 472 Mass. at 231-240, the Supreme Judicial Court held that strict compliance with the notice requirement of paragraph 22 of the standard mortgage is required as a condition of a valid foreclosure by power of sale under G. L. c. 183, § 21.  A defect in the paragraph 22 notice renders the foreclosure void, not merely voidable, meaning that title does not pass to the purchaser.  See Pinti, supra at 240-242.
Although here Costa is the sole mortgagor, and he has not claimed that the paragraph 22 notice was defective, McIntosh asserts standing to raise the claim herself as a defense to the summary process action.  Her argument is that, because a defect in the notice voids the foreclosure, a Pinti claim goes to the validity of MTGLQ's title, and hence its right to possession.  MTGLQ counters that McIntosh lacks standing because a Pinti claim arises under the mortgage and McIntosh is not a party to the mortgage or in privity with Costa.
The case law does not provide a clear path to resolving this dispute.  On the one hand, it is well settled that "[i]n an action under summary process by the purchaser at a mortgagee's sale, the legal title may be put in issue, and it therefore [is] incumbent upon the [purchaser] to establish its right of possession to the land demanded."  New England Mut. Life Ins. Co. v. Wing, 191 Mass. 192, 195 (1906) (Wing).  Accord Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011); Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966).  On the other hand, it is likewise well settled that only the parties to a contract or its intended beneficiaries have standing to enforce rights under it.[5] See Harvard Law Sch. Coalition for Civ. Rights v. President & Fellows of Harvard College, 413 Mass. 66, 71 (1992); Plymouth Hous. Auth. v. Plymouth, 401 Mass. 503, 505 (1988); Northbridge v. Natick, 394 Mass. 70, 75-76 & n.3 (1985).  McIntosh does not grapple with this latter principle, but instead more or less assumes she has standing to raise any claim, such as one under Pinti, that goes to a mortgagee's failure to comply with the statutory power of sale.
In Pinti itself, however, the court was not faced with any dispute about standing.  Pinti was not a summary process case but originated from a complaint filed by the mortgagors for a declaratory judgment that the foreclosure was void.  See Pinti, 472 Mass. at 229-230.  The court thus had no cause to consider whether someone other than a mortgagor would have standing to challenge a foreclosure based on an alleged defect in the paragraph 22 notice.
Although these cases are not easily reconciled, ultimately we do not believe that the Pinti court intended to depart sub silentio from the rule that a contract cannot be enforced by someone who is not a party to it or an intended beneficiary.  The crux of the court's decision was that there could be "disastrous consequences" for mortgagors if they do not receive accurate notice under paragraph 22 of their right to bring a court action to challenge an impending foreclosure sale.  Pinti, 472 Mass. at 241.  Specifically, as the court reasoned, "[I]f the mortgagor has a valid defense to the foreclosure sale going forward, but is not made aware that he or she must initiate an action in court against the mortgagee to raise that defense, the sale may well proceed and result in title passing to a bona fide purchaser without knowledge of the issue -- at which point, and depending on the nature of the defense, the mortgagor's right to redeem his or her home may well be lost."

Id. at 242.
These concerns are not implicated where the party seeking to raise a Pinti claim is, like McIntosh, a stranger to the mortgage.  The rights conferred by paragraph 22 belong to the mortgagor alone, and the mortgagor alone is entitled to the protection of notice of those rights.  We see no sound reason why someone who was not entitled to notice to begin with should have standing to challenge the notice to defend against a summary process action.  While we acknowledge that the facts of this case are somewhat unusual -- stemming, it appears, from what happened in the divorce proceeding -- it is not uncommon for a tenant under a subordinate lease to remain in possession of a property following a foreclosure sale.  See, e.g., Federal Nat'l Mtge. Ass'n v. Gordon, 91 Mass. App. Ct. 527, 528, 535 (2017).  Were we to reach a contrary result on standing, it would allow such a holdover tenant, or anyone else in possession of the property, to unwind a foreclosure sale long after the paragraph 22 notice was sent even where, as here, the mortgagor himself has chosen not to challenge the adequacy of the notice.[6] This would have unfair consequences for bona fide purchasers that we do not think the Pinti court intended.  In rejecting the dissenting view in Pinti that a defect in the notice should render the foreclosure only voidable, not void, the court held in essence that the need to protect the rights of mortgagors outweighed the potential for unfairness to bona fide purchasers.  See Pinti, 472 Mass. at 241-244; id. at 245, 250-251 (Cordy, J., dissenting).  We do not think the court would have struck the same balance if the person challenging the notice was someone with no rights under the mortgage.
The result we reach does not contravene the principle set out in Wing, 191 Mass. at 195, and other cases that a plaintiff must establish its right to possession in a postforeclosure summary process action.  This is because a Pinti claim is a defense to eviction, see Federal Nat'l Mtge. Ass'n v. Marroquin, 477 Mass. 82, 88-89 (2017); U.S. Bank, Nat'l Ass'n v. Milan, 92 Mass. App. Ct. 511, 515-516 (2017), not something that a plaintiff must disprove as part of its prima facie case for possession.  Rather, a plaintiff establishes its prima facie case "by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15."  Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012).  See Lewis v. Jackson, 165 Mass. 481, 487 (1896) (summary process "statute gives the plaintiff a right to bring his suit that is prima facie good upon the completion of the foreclosure, and the recording of the deed and affidavit of sale").  Our conclusion is thus consistent with Wing:  the plaintiff must establish its right to possession, which it does by producing the foreclosure deed and affidavit of sale, and its title may then "be put in issue" by way of claims that the defendant has standing to raise.  Wing, supra.
We disagree with McIntosh's argument that U.S. Bank Trust, N.A. v. Johnson, 96 Mass. App. Ct. 291 (2019) (Johnson), compels the opposite conclusion.  There, we held that a tenant who was "in possession of the premises to which [the plaintiff] claim[ed] title based on its foreclosure" had standing in a summary process action to raise a claim that the foreclosure was invalid, even though she "was not a party to the note on which [the plaintiff's] foreclosure (and hence its claim of title) rest[ed]."  Id. at 297.  The difference is that the tenant in Johnson did not seek to enforce any provision of either the note itself or some other contract to which she was not a party; her claim was that the plaintiff's failure to produce the original note for examination rendered the foreclosure invalid.  See id.  Johnson is therefore not dispositive of whether McIntosh has standing to raise a Pinti claim, which by its nature derives from the rights and obligations created by paragraph 22 of the mortgage.
2.  Notice to vacate.  Lastly, we see no merit to McIntosh's challenge to the adequacy of the notice to vacate.  As McIntosh more or less concedes, she was a tenant at sufferance and, as such, was entitled only to reasonable notice of MTGLQ's "intention to secure possession of the property."  Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 514 (2019) (Morin).  See Rubin v. Prescott, 362 Mass. 281, 284 (1972).  The notice to vacate states that MTGLQ had purchased the property at a foreclosure sale, that MTGLQ "seeks to recover possession of the Property," and that "[w]ithin seventy-two (72) hours after service of this notice, you are hereby required to vacate . . . unless you are a tenant or subtenant who rented the Property before the foreclosure sale."  This was adequate notice.  See Morin, supra at 515.
We are unpersuaded by McIntosh's assertion that the notice was misleading because it goes on to cite G. L. c. 239, § 8A, which relates to tenancies.  Rather, we agree with MTGLQ that the remainder of the notice is reasonably read to pick up where the "unless" clause left off, i.e., providing instructions to an occupant who claimed to be a tenant or subtenant.  McIntosh, who never had a tenancy, could not reasonably believe that this part of the notice applied to her.  Read in a commonsense manner, the notice adequately informed McIntosh of MTGLQ's intent to secure possession of the property, which was all that was required.  See Morin, 96 Mass. App. Ct. at 514.

Judgment affirmed.

footnotes

[1] Also known as Kathleen Costa.
      
[2] Frank T. Costa, Jr., and Anthony F. Costa.
      
[3] None of the filings from the divorce proceeding are in the record before us.  At trial in this case, McIntosh testified that a Probate and Family Court judge ordered Costa to transfer his interest "because he did not pay his part of the mortgage payment."
      
         [ 4] McIntosh argues that this notice did not strictly comply with paragraph 22 of the mortgage because it misleadingly suggested that there would be a judicial "foreclosure proceeding" and because the placement of the phrase "any other defense to acceleration, foreclosure, and sale" made it appear that the borrower had the right to raise other defenses only in that "foreclosure proceeding" and not in the separate "court action."  Because we conclude that McIntosh lacks standing to challenge the notice, we do not reach these arguments.  But see Aubee v. Selene Fin. LP, 56 F.4th 1, 7-8 (1st Cir. 2022) (notice did not strictly comply with paragraph 22 because reference to "the foreclosure proceeding" suggested there would be judicial foreclosure proceeding at which borrowers could raise defenses).
         [ 5] McIntosh makes no claim that she is an intended beneficiary of the mortgage, nor do we see on this record how she could be.

[6] McIntosh does not argue that her status as holder of the quitclaim deed distinguishes her from a holdover tenant for purposes of standing; to the contrary, she affirmatively states that "the relevant inquiry in determining a party's standing in a post-foreclosure eviction is the claimant's occupancy of the subject property."  In any case, we see no basis on this record to draw such a distinction.  Cf. Caliber Home Loans, Inc. v. Zeller, 205 Conn. App. 642, 651 (2021) (defendant that obtained interest in property by quitclaim deed, but was not party to note or mortgage, lacked standing in foreclosure proceeding to challenge adequacy of notice of acceleration and default because "[a] quitclaim deed of title to property that secures a note and mortgage, by itself, does not transfer the rights and obligations in the underlying note or mortgage").