CLAYTON W. HARTFORD *vs.* MASSACHUSETTS BOWLING ALLEYS, INCORPORATED.

Suffolk.    October 19, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Corporation*, Officers and agents, Directors, By-laws. *Agency.*

Where the whole capital stock of a corporation operating bowling alleys was owned by three persons, who were respectively the president, the clerk and the treasurer of the corporation and together constituted its board of directors, and where it appeared that by their acts, without any vote on the subject, the directors had constituted the director who was treasurer the managing director or general agent in charge of all the business of the corporation and that such

managing director hired a manager of the bowling alleys to serve for one year for $30 a week and five per cent of the net profits, and that the other two directors saw this manager working at the corporation's place of business and raised no question as to the treasurer's authority to employ him and made no inquiry about the terms of his employment, if the manager thus employed is discharged without cause in about two months, he may maintain an action against the corporation for its breach of contract, and in such action he has a right to go to the jury on his allegation that the managing director had implied authority from the corporation to employ him as manager for one year.

In such action it is no defence for the corporation that a by-law, unknown to the plaintiff, required by its terms that the manager and the other employees should be appointed by the board of directors and that no vote or meeting of the directors ever had authorized the employment of the plaintiff.

CONTRACT against a corporation operating bowling alleys in Boston for wrongfully discharging the plaintiff in less than two months after having agreed to employ him as manager for one year at the compensation of $30 a week and five per cent of the net profits. Writ dated March 7, 1916.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence, so far as it appeared in the bill of exceptions, is described in the opinion. At the close of the evidence the judge submitted to the jury the following questions:

"1. Was an agreement made between Leavitt as treasurer of the defendant company and the plaintiff Hartford to employ Hartford as manager of the defendant alleys for a term of one year?" The jury answered, "Yes."

"2. If there was such an agreement, and if the plaintiff is entitled to recover damages for a breach thereof, what is the amount of such damage?" The jury answered, "$1,240.20."

The judge ruled that there was no evidence that Leavitt had authority to make a contract, binding upon the defendant, to hire the plaintiff for one year, and ordered the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. J. Kelly & F. M. J. Sheenan,* for the plaintiff.

*B. A. Levy & J. M. Graham,* for the defendant.

DE COURCY, J. The plaintiff seeks to recover for the breach of an alleged agreement to hire him as manager of the defendant's bowling alleys for one year, at a salary of $30 a week and five per cent of the net profits. From the evidence disclosed by the meagre record the jury could find the following facts:

Edward R. Sherburne was president, Benjamin A. Levy was clerk and Peter M. Leavitt treasurer of the defendant corporation. These three constituted the board of directors and owned all the capital stock. The company was incorporated in 1915, and apparently the alleys were opened for business late in December of that year. As matter of fact the entire work of fitting up and furnishing the bowling alleys and doing whatever was necessary in opening them up for business, including the hiring of help, was in charge of Leavitt, and the other directors seem to have taken no active part.

On or about December 10, 1915, the plaintiff talked with Leavitt in reference to entering the employ of the defendant as manager of its bowling alleys, and, as the jury have specially found, an agreement to that effect was made for a term of one year. The plaintiff started to work that day, and continued as manager for four weeks. Sherburne testified that the hiring of the plaintiff "was left to Mr. Leavitt;" and both he and Levy saw the plaintiff working at the defendant's place of business, raised no question as to Leavitt's authority to employ him and made no inquiry about the terms of his employment. On February 5, 1916, Sherburne informed the plaintiff that a third interest in the business had been sold, and notified him that he would not be needed after that night. At the trial the defendant submitted extracts from its by-laws, dealing with the authority of the board of directors to appoint a manager and other employees; and also evidence that at no meeting of the board was Leavitt, or Sherburne or any other person authorized to employ the plaintiff.

The trial judge ruled that "there was no evidence that Leavitt had authority to make a contract, binding upon the defendant, to hire the plaintiff for one year," and directed a verdict for the defendant.

In our opinion the ruling was wrong. The office of the by-law was to define the powers and duties of the directors toward the corporation and between themselves. Its limitation of Leavitt's authority was not known to the plaintiff, and did not affect his rights. *Flint* v. *Pierce,* 99 Mass. 68. It was not necessary for the plaintiff to show that Leavitt had implied authority as treasurer to hire a manager. See *Merchants' National Bank of Gardiner* v. *Citizens' Gas Light Co. of Quincy,* 159 Mass. 505. It was enough

for him to satisfy the jury that the directors had in fact constituted Leavitt managing director or agent in general control of the ordinary business of the corporation, with ostensible authority, among other things, to employ a manager for the bowling alleys. And the evidence warranted a finding that the corporation held out Leavitt as one having authority to bind it by contracts of employment such as were necessary or within the ordinary province of the business of maintaining a bowling alley. The employment of a manager was presumably necessary for the carrying on of this business; and it is not suggested that the corporation made any arrangement for hiring one except what it did through Leavitt. It cannot be said, as matter of law, that the terms of this contract, which induced the plaintiff to give up his former position were unusual or unnecessary. On the evidence, including the habitual exercise by Leavitt of the powers of managing director or general agent, with the knowledge and implied assent of the other directors representing the corporation, the plaintiff was entitled to go to the jury on his allegation that Leavitt did have implied authority from the corporation to employ him as manager for one year. *Bates* v. *Keith Iron Co.* 7 Met. 224. *Fay* v. *Noble,* 12 Cush. 1. *Lester* v. *Webb,* 1 Allen, 34. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277, 285. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184.

*Exceptions sustained.*