WILLIAM R. IRWIN *vs.* WORCESTER PAPER BOX COMPANY.

Worcester.    September 25, 1923. — October 13, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Exceptions.  *Evidence,* Relevancy and materiality, Competency, Of agency.   *Agency,* Existence of relation, Scope of authority.

Where, at the trial of an action, evidence is admitted subject to an exception by one of the parties and the ground upon which it was admitted does not appear and no request is made to limit its use, the exception must· be overruled if the evidence was competent for any purpose.

At the trial of an action for alleged breach of an agreement by the defendant, a corporation, to employ the plaintiff to do trucking, the defendant admitted the existence of a contract relating to that subject and the main contention was, whether the hiring included all of such service as the defendant required for carting merchandise or only such as the defendant could not perform with its own vehicles. There was evidence tending to show that, following a conversation with the general manager of the defendant in which the general manager had said that whoever bought certain property which his brother employed in the trucking business would have all the defendant's work of that kind and at a stated price, the plaintiff had purchased the property, paying $575 for the equipment and as a bonus for the business. Subject to exceptions, the plaintiff was permitted to testify that one week after his purchase he sold the horses, harnesses, and a sled, which had been included in the sale, for $365, and that the rest of the purchase was of no value. *Held,* that

(1) The evidence was not admissible on the question of damages;

(2) The evidence, which related to a transaction between the plaintiff and a third person, was not competent as bearing on the question of what were the terms of the contract;

(3) The rule, that the market value of property or services is admissible where the existence or terms of a contract are in issue, or, if the price is not in controversy, where there is a serious difference between the value and the concededly agreed price and where there is a dispute as to the identity of the property sold, was not applicable;

(4) The exceptions must be sustained.

At the trial of an action against a manufacturing corporation based upon a breach of an alleged contract relating to trucking, it appeared that the alleged contract was made by one purporting to be the general manager of the defendant, and a question was, whether he had authority to make it. The bookkeeper of the defendant, who had had supervision of its books for a little over three years, testified, subject to exceptions by the defendant, that a certain person was president of the corporation, another was treasurer, and the alleged general manager was vice-president and general manager and that he " did the biggest part of the selling for the company and the biggest part of the purchasing and that he, the witness . . . , had charge of the books of the defendant company under . . . [his] direction." The evidence was not controverted. *Held*, that

(1) So far as this evidence related to the officers of the corporation apart from general manager, it was immaterial, and its admission did not constitute harmful error;

(2) So far as the evidence related to the authority of the alleged general manager, it fairly might be construed as a statement of fact rather than of an opinion or of a conclusion of law: a summing up of what that person had done in an employment with which the witness was familiar and which was of a well known character; and its admission did not constitute harmful error.

The existence of authority of officers or agents of a corporation in many instances need not be proved by its records; *whether* the discretionary power of the court to admit such evidence can be exercised only when the witness is shown to have intimate knowledge concerning the matter, or where it appears that there is no controversy as to the fact, was not decided.

The affidavit of an attorney at law for the defendant in an action of contract, made in compliance with Rule 24 of the Superior Court (1915) and attached to a motion to remove a default, stating that a certain person was general manager of the corporation, is not admissible at a subsequent trial of the action upon the merits to prove the authority of such person.

A general manager of a business corporation, commonly exercising the duties of purchasing and selling its products and having charge of its books, thus apparently vested with authority to do all things reasonably necessary to execute these activities, properly can be found to have authority to make a contract for trucking incidental to the purchase or delivery of merchandise in which it dealt or which it manufactured.

In an action for breach of an oral contract, where at the trial the defendant did not contend that on the evidence it could not have been found that one, purporting to act for the defendant, made an oral contract with the

plaintiff, or that, if he had authority to act, the contract made was valid, or that there was not sufficient evidence of a breach of contract or damages resulting therefrom, a motion that a verdict be ordered for the defendant properly may be overruled.

CONTRACT for damages resulting from the breach by the defendant of an alleged agreement with the plaintiff " whereby the defendant agreed that, if the plaintiff would purchase certain trucking equipment belonging to the defendant, it would give the plaintiff, who was engaged in general trucking business in the city of Worcester . . . all the trucking of the carloads shipped to the " defendant " and all carloads shipped out from " the defendant, the plaintiff further alleging " that the defendant, as an inducement for the plaintiff to enter into said agreement for the purchase of said trucking equipment, made certain representations as to the amount of business which would thereby be turned over to the plaintiff; and that the plaintiff, relying upon said representations, agreed to buy said trucking equipment of the defendant for the sum of $575; but that the defendant failed to perform the terms of said agreement on his part by reason of giving the plaintiff only a small part of the trucking business of said concern, as a result of which the plaintiff finds himself encumbered with a lot of trucking equipment of no use to him in his business and which he was finally obliged to sell at a great loss." Writ dated January 18, 1922.

In the Superior Court, the action was heard by *N. P. Brown,* J., without a jury. Material evidence and exceptions saved by the defendant relating to evidence are described in the opinion.

At the close of the plaintiff's evidence, the defendant rested and moved that the judge find in its favor. The motion was denied. The judge found for the plaintiff in the sum of $667.17; and the defendant alleged exceptions.

*T. H. Sullivan,* for the defendant.

*G. R. Stobbs,* for the plaintiff.

JENNEY, J. The plaintiff sues in contract to recover damages because of the failure of the defendant to perform an agreement to employ him to do trucking. The defendant

admits the existence of a contract relating to that subject; and the main contention is, whether the hiring included all of such service as the defendant required for carloads of merchandise or only such as the defendant could not perform with its own vehicles. Benjamin Posner had rendered service of this kind; the plaintiff, after talking with him, had a conversation with his brother, Harry Posner, claimed to be the general manager of the defendant, in which Harry Posner said that whoever bought the property which his brother employed in the trucking business would have all the defendant's work of that kind and at a stated price. The plaintiff made the purchase, and testified without objection that he paid $575 for the equipment and as a bonus for the business.

1. Subject to exceptions, the plaintiff was permitted to testify that one week after his purchase he sold the horses, harnesses, and a sled included therein, for $365, and that the rest of the purchase was of no value. If the evidence was competent for any purpose, these exceptions must be overruled, as the ground on which it was admitted does not appear, and as no request was made to limit its use. *Whipple* v. *Rich*, 180 Mass. 477. *Hubbard* v. *Allyn*, 200 Mass. 166, 171. *Eldridge* v. *Barton*, 232 Mass. 183. *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480, 483.

It was not admissible upon the question of damages. Other evidence admitted in behalf of the plaintiff supported his claim for loss of profits, and he was not entitled to receive compensation because of damages sustained by reason of expenditures for preliminary outfit. *Mount Pleasant Stable Co.* v. *Steinberg,* 238 Mass. 567.

Neither was the evidence competent as bearing on the question of what were the terms of the contract. It related to a transaction between the plaintiff and a third person. The existence of a contract was admitted; no proper inference could be drawn as to the terms of a contract to render such services because of the value of the property purchased to perform it, or because the plaintiff bought property not reasonably adapted to carry out his agreement, or which he did not need therefor, or because he paid for it a sum in

excess of its value.  No question of particular intent was involved.  The value or cost of personal property was not on the facts in this case relevant either on the question of what was agreed to be paid for its use or for the use of other chattels in connection with personal services, nor to determine what services were included therein.  Such evidence did not have any natural, necessary or logical connection with the inference or result that was sought to be established. See *Commonwealth* v. *Jeffries,* 7 Allen, 548, 566.  The case is not governed by the rule that the market value of property or services is admissible where the existence or terms of a contract are in issue, or, if the price is not in controversy, where there is a serious difference between value and the concededly agreed price, and where there is a dispute as to the identity of the property sold.  See Wigmore on Ev. (2d ed.) § 392(3), and cases there collected.  This testimony was incompetent and its admission harmful error.

2. The plaintiff testified that Harry Posner acted in behalf of the defendant in making the contract under which he claims.  There was testimony given by the bookkeeper of the defendant, who had had supervision of its books for a little over three years, that one Grady was its president; one Farrell, treasurer; and Harry Posner, vice-president and general manager.  So far as this evidence related to the officers of the corporation apart from general manager, it was immaterial, and its admission did not constitute harmful error.  The plaintiff contended that the contract was made with Harry Posner acting only as general manager. G. L. c. 231, § 132.

So far as it included the fact that the said Harry Posner was general manager, the testimony fairly may be construed as a statement of fact rather than of opinion or of conclusion of law; it was the summing up of what that person had done in an employment with which the witness was familiar and which was of a well known character, and in essence was that Posner had held himself out to the public as such.  It must be considered in connection with the other testimony that Posner " did the biggest part of the selling for the company and the biggest part of the purchasing and that he,

the witness . . . , had charge of the books of the defendant company under . . . [his] direction." It was not controverted, and its admission did not constitute reversible error. *Commonwealth* v. *Smith,* 213 Mass. 563. *Walrath* v. *Campbell,* 28 Mich. 111. *Boston Tunnel Co.* v. *McKenzie,* 67 Cal. 485.

No inflexible rule can be declared as to the admissibility of such testimony. Clearly the election or authority of officers or agents of a corporation in many instances need not be proved by its records, as where such question arises in an action against the corporation for acts done by some one claiming to represent it, where authority may be shown by evidence that the person openly and without objection or question acted generally in such capacity. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282, 289. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 177. *Merchants' Bank of Gardiner* v. *Citizens' Gas Light Co. of Quincy,* 159 Mass. 505. *Hudson* v. *J. B. Parker Machine Co.* 173 Mass. 242. *Stratton Massachusetts Gold Mines Co.* v. *Davis,* 222 Mass. 549, 553. Possibly the discretionary power of the court to admit such evidence can be exercised only when the witness is shown to have intimate knowledge concerning the matter, or where it appears that there is no controversy as to the fact; this is not decided.

3. The affidavit of an attorney at law representing the defendant, in effect that Harry Posner was general manager, was not admissible on the question of authority. It was annexed to a motion to remove a default and apparently was made in compliance with the requirements of Rule 24 of the Superior Court (1915). The affidavit constituted no part of the record and its only effect was as evidence in support of the motion to which it referred. *Indiana Flooring Co.* v. *Rudnick,* 236 Mass. 90. So far as appears, it was not offered in evidence as an admission even if competent for that purpose.

4. A general manager of a business corporation, commonly exercising the duties already described of purchasing and selling its products and having charge of its books, thus apparently vested with authority to do all things reasonably

necessary to execute these activities, properly could be found to have authority to make a contract for trucking incidental to the purchase or delivery of merchandise in which it dealt or which it manufactured. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 196 Mass. 72, 86. *Henderson* v. *Raymond Syndicate,* 183 Mass. 443. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30.

5. At the close of the plaintiff's evidence, which is assumed to be all that was in the case, the defendant moved that a judgment be entered in its favor; the denial of this motion is the only remaining exception. The defendant does not contend that on the evidence it could not have been found that Harry Posner, purporting to act for the defendant, made an oral contract with the plaintiff or that if he had authority to act, the contract made was valid, or that there was not sufficient evidence of a breach of contract or damages resulting therefrom. This exception to the denial of the motion must be overruled; but for reasons already stated the exceptions must be sustained.

*So ordered.*