THE CONDÉ NAST PRESS, INCORPORATED, *vs.* THE CORNHILL PUBLISHING COMPANY.

Suffolk. January 19, 20, 1926. — May 24, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil*, Exceptions, Requests for rulings. *Corporation*, By-laws, Officers and agents.

An action of contract was heard in the Superior Court by a judge without a jury and the defendant made in writing requests for rulings. The judge filed a statement of findings and rulings denying the requests and finding for the plaintiff. The docket contained an entry showing that, three days after the filing of the statement by the judge, the defendant filed a "claim of exceptions." Later, the defendant filed a bill of exceptions which incorporated the statement by the judge of his findings and rulings, but contained no allegation that a written statement of exceptions had been filed as required by Rule 45 of the Superior Court (1923) and which in its concluding paragraphs stated, "The court

found for the plaintiff in the sum of $1,112.02 and filed a certain memo-randum of findings containing the court's rulings on the foregoing requests, a copy of which is annexed and made a part hereof. The defendant being aggrieved with the rulings and findings of the court herewith presents its bill of exceptions and prays the same may be allowed." *Held*, that

(1) There was nothing in the bill to show compliance with said Rule 45 as to any ruling of law by the judge;

(2) The defendant by his bill of exceptions did not show that this court had jurisdiction.

No exception lies to a refusal by a judge, hearing an action without a jury, to grant a request for a finding of fact.

At the hearing by a judge without a jury of an action by a printing corporation against a publishing corporation upon an account annexed, there was evidence that a representative of the plaintiff had oral and written negotiations with the president of the defendant, as a result of which the plaintiff printed books of the defendant. The defendant's president was dismissed from its employ while work by the plaintiff on some books was in process and the defendant, having stopped the work, refused to pay for the unfinished work on the ground that its former president had no authority to agree with the plaintiff with regard thereto. The defendant introduced in evidence a by-law defining the duties of its president as follows: "He shall be the chief executive officer of the corporation and shall have the general oversight, care and management of all the property and business of the corporation in all departments," and also providing that the president should sign "all special contracts of the Company except when the directors shall otherwise provide, but no contract shall be binding on the corporation until it is approved by one other director." There was evidence and the judge found that the plaintiff had no notice of a limitation placed by the defendant corporation upon its president's authority, and that the acts of the defendant's president were within the apparent scope of his authority; and there was a finding for the plaintiff. *Held*, that it was proper for the judge to refuse to rule in substance that, unless the plaintiff showed that the agreements it relied on were entered into by the defendant's president with the approval, actual or tacit, of one other of its directors, the plaintiff could not recover.

CONTRACT for $1,782.02 upon an account annexed containing three items, the first and second of which were for work done toward the printing of certain books. The third item, amounting to $170, was waived by the plaintiff. Writ dated March 3, 1923.

In the Superior Court, the action was heard by *Walsh*, J., without a jury. The determining issue was whether negotiations for the printing, described in the declaration, between the plaintiff and one Walter E. Reid, purporting to act for the defendant, resulted in agreements binding the defendant.

There was evidence tending to show that a representative of the plaintiff had oral interviews and correspondence with Reid, who at that time was president of the defendant and who purported to act for it and negotiated with the plaintiff as general manager of the defendant's business; also that Reid had made on the defendant's behalf other agreements with the plaintiff which had been fully performed and paid for by the defendant; and that in none of the dealings with Reid had the plaintiff had any notice that agreements by him had to be approved by some other of the defendant's directors. The defendant introduced in evidence the following by-law:

"The President shall preside at all meetings of the stockholders and directors when present. He shall sign all certificates of stock and all special contracts of the Company except when the directors shall otherwise provide, but no contract shall be binding on the corporation until it is approved by one other director. He shall be the chief executive officer of the corporation and shall have the general oversight, care and management of all the property and business of the corporation in all departments. He may sign all promissory notes of the corporation when authorized to be given, but such notes shall not be valid unless countersigned by the Treasurer or one of the directors other than the President."

There was also evidence for the defendant that no other director countersigned or approved of any contract with the plaintiff; that Reid had been dismissed from its employ, and that immediately thereafter the work described in the declaration had been repudiated by the defendant.

At the close of the evidence, the defendant asked for the following rulings:

"1. The president of a corporation has no power by reason of his office alone to enter into contracts in behalf of the corporation and unless the plaintiff proves that the president of the defendant corporation was authorized to enter into the alleged agreement with the plaintiff corporation, the plaintiff cannot recover.

"2. Unless the plaintiff proves that the agreements alleged to have been entered into between the president of defendant

corporation in its behalf and plaintiff corporation were with the approval of one other director of defendant corporation, plaintiff cannot recover.

"3. If the alleged agreements were entered into by the president of defendant corporation in its behalf and the plaintiff, without the knowledge of one other director of the defendant corporation, and if said agreements were immediately repudiated by the directors of defendant corporation when brought to their attention, the plaintiff cannot recover.

"4. If the plaintiff orally agreed with the defendant corporation not to enforce payment of the alleged claim for work done in pursuance of the alleged agreements between the president of the defendant corporation and the plaintiff in consideration of the payment by defendant to plaintiff of other disputed claims, the plaintiff cannot recover."

The judge on November 14, 1924, found for the plaintiff in the sum of $1,112.02 and filed a statement of his findings and rulings which was annexed to and made a part of the defendant's bill of exceptions, and was substantially as follows:

"That in November and December, 1921, a representative of the plaintiff, vested with full authority in the premises, entered into an agreement with one Reid, who at that time was president of the defendant corporation, for the printing of the books mentioned in items one and two of plaintiff's declaration; that said Reid was some few weeks thereafter supplanted as president of the defendant corporation and one Brookes More chosen president in his place; that the plaintiff had proceeded with the work of printing the books aforesaid mentioned until said More notified it to stop work, and claimed that it had never been properly authorized or contracted for by reason of the existence of a by-law of the defendant corporation requiring all contracts to be signed by the president and one other director before it could bind the corporation. I find there was a by-law of the defendant in substance to this effect. I find that no contract was ever signed for this work but it was ordered and undertaken under a parol agreement or understanding which was acknowledged by the plaintiff in a letter of confirmation under date of De-

cember 1, 1921, and January 20, 1922; that after Mr. More became president, and at his direction, work was stopped by the defendant . . . .

"I find that the plaintiff and its representative had no notice of the existence of the by-law of the defendant corporation until after Mr. More became president and ordered further work to cease.

"I find for the plaintiff . . . .

"I rule that the action of President Reid as president was within the apparent scope of his authority and was among the ordinary powers which accompanies the office which he held, and rule further that the plaintiff was not bound by the by-law of the defendant, it having no knowledge of it at the time the obligation was incurred.

"Defendant's requests for rulings are denied."

The docket showed the following entry: "Nov. 17, 1924. Defendant's claim of exceptions." After two extensions of time for filing exceptions, the defendant on January 17, 1925, filed a bill, the last two paragraphs of which were as follows:

"The court found for the plaintiff in the sum of $1,112,02 and filed a certain memorandum of findings containing the court's rulings on the foregoing requests, a copy of which is annexed and made a part hereof.

"The defendant being aggrieved with the rulings and findings of the court herewith presents its bill of exceptions and prays the same may be allowed."

*K. A. Sanderson,* (*F. N. Nay* with him,) for the defendant.
*G. R. Farnum,* for the plaintiff.

WAIT, J. The defendant, by its bill of exceptions, does not show that this court has jurisdiction. The requests for findings and rulings, the denial of which underlies the defendant's right to be heard here, were filed at the end of a trial without a jury in the Superior Court; and there is nothing in its bill to show that any exception was saved at the trial or within three days after receipt of notice from the clerk. Rule 45 of the Superior Court (1923).

If we assume that the exceptions were duly claimed, they must be overruled. There is no exception to a refusal by a trial judge to make a finding of fact. *Rogers* v. *Abbott,* 248

Mass. 220, 225.   *James Elgar, Inc.* v. *Newhall,* 235 Mass. 373, 377.

The requests for rulings of law were refused properly. Requests 1 and 4 are rendered immaterial by the findings of fact made by the judge.   Requests 2 and 3 do not state the law accurately.

The by-law, Article V, which states the duty of the president of the defendant corporation, provides that "He shall be the chief executive officer of the corporation and shall have the general oversight, care and management of all the property and business of the corporation in all departments . . . ."   This gave him the powers of a general manager in addition to the ordinary and simple duties of a president.   There was no evidence that there was any other general manager; and there was evidence from which it could be found that the president conducted the business as a general manager.

It is well within the ostensible authority of a general manager of a publishing business to decide what books are to be published and to contract for printing them as agent for the corporation.   We cannot say the judge was wrong in so finding.

The ostensible powers of such an agent are his real powers, so far as persons other than himself, the corporation principal, and those who have actual notice of limitations upon his ostensible power are concerned.   *Danforth* v. *Chandler,* 237 Mass. 518, 522.   *General Dredging Co.* v. *Bethlehem Shipbuilding Corp.* 247 Mass. 162, 167.   *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30.   *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 187, 190.

The judge has found, upon evidence which we cannot review and which, as matter of law, can support his finding, that the plaintiff had no notice of the limitation placed by the defendant's by-laws on the power of its president to bind the corporation by contract.

It follows that the defendant was not entitled, upon the case presented, to the rulings 2 and 3 for which it asked.

*Exceptions overruled.*
*Judgment on the finding.*