JASPER M. GIBSON vs. CONTRACT WATER PROOFING
COMPANY.

Suffolk.   November 6, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Agency*, Scope of authority.   *Corporation*, Officers and agents.

On all the evidence, a finding was warranted that a district manager of
a foreign corporation qualified to do business in this Commonwealth,
who had charge of the office which it maintained here and was author-
ized to make contracts for the sale of its product subject to its ap-
proval and to superintend the execution of such contracts and the
installation of the product, was held out by the corporation as having
apparent authority to employ, in its behalf, a person to assist him in
doing its work.

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated January 23, 1930.

The action was heard in the Municipal Court by *Dono-
van*, J.   Material evidence and findings and rulings by the
judge are stated in the opinion.   He found for the plaintiff
in the sum of $576.58 and reported the action to the Appel-
late Division.   The Appellate Division ordered the finding
vacated and judgment entered for the defendant.   The
plaintiff appealed.

*L. E. Thayer*, for the plaintiff.

*G. C. Coit*, (*H. C. Fabyan* with him,) for the defendant.

SANDERSON, J.   In this action, brought in the Munici-
pal Court of the City of Boston, the plaintiff seeks to
recover for services in the Boston office of the defendant
between October 7, 1929, and January 18, 1930.

In September, 1929, George D. Carpenter, in the name
of the defendant, applied to an employment agency, in
Boston, for a man to assist him in his work for the defend-
ant.   The plaintiff applied for the position and was em-
ployed by Carpenter, acting as the defendant's district
manager, who told him what his duties were and that his
pay would be $75 a week.   The plaintiff began his work in
the office in Boston, hereinafter referred to, on October 7,

and during his period of service did whatever he was asked to do by Carpenter in connection with the work he was doing for the defendant. The trial judge found for the plaintiff. The Appellate Division ordered the finding vacated and judgment for the defendant. The principal question in the case is whether Carpenter could be found to have authority to bind the defendant in employing the plaintiff to assist him in doing the defendant's work.

By his contract of employment with the defendant entered into in July, 1929, Carpenter was appointed its district manager for the territory of New England except for a part of Connecticut, and was given authority to contract for waterproofing, to sign such contracts in the name of the defendant as its district manager, after their approval by the company, to superintend, manage and watch over the execution of all such contracts. The defendant agreed to furnish Carpenter with all necessary materials, tools, sufficient money and funds to cover payrolls and other necessary expenses for the execution of the contracts obtained. Carpenter's remuneration was in general to be the difference between basic prices for waterproofing stated in the contract and the contract prices. The defendant was given the privilege of having an auditor examine Carpenter's books at any time when deemed necessary. He agreed not to engage in any kind of waterproofing business except for the defendant during the term of his employment nor for two years thereafter in the territory covered by the contract.

The defendant is located in St. Louis, Missouri. It had branch offices in various cities including Boston. Its office in that city was carried on by Carpenter. The defendant's name and that of other corporations represented by Carpenter appeared upon the door of this office. With the defendant's name were the words "George D. Carpenter, District Manager." The defendant's name appeared on the directory board of the building in which the office was located. It was listed in the telephone book, and appeared in the classified listing under the heading "Waterproofing." The defendant had filed a certificate with the commis-

sioner of corporations and taxation in Massachusetts and was qualified to do business in this Commonwealth. The office at which the defendant's business was carried on in Boston consisted of one room occupied by Carpenter and a stenographer, who was paid by Carpenter, and he also paid office rent and telephone bills, electric light and other office expenses. The business of the defendant was the application of a waterproofing process to cellar walls and floors, and in connection with this business Carpenter employed for it artisans to work upon the structures being waterproofed. These artisans were paid by the defendant by checks sent from St. Louis upon presentation of payrolls made up by Carpenter. The defendant furnished Carpenter with a pamphlet of its own publication called "Handbook on Structural Waterproofing," upon which it appeared that the defendant had a branch office in Boston. The defendant allowed Carpenter to supply the trade with rulers bearing the defendant's name and that of Carpenter as district manager, and furnished him with stationery bearing for its heading its telephone number in Boston, the nature of its business, the names of its officers, its corporate name, its place of business in Boston, as well as the name of Carpenter as district manager.

These facts came to the notice of the plaintiff either at the time of or during the course of his employment. He worked from October 7, 1929, to December 23, 1929, and received no salary therefor and until December 7 looked to the defendant for its payment. No officer of the defendant knew of the plaintiff's employment and there was no connection between the plaintiff and any of its officers until December 6, 1929, when as the result of a letter sent by the plaintiff's attorney to it the defendant notified the plaintiff that he was not in its employ and that it knew nothing of his employment by Carpenter. This letter was received by the plaintiff on or about December 7, 1929, and on December 23, 1929, Carpenter, learning of the correspondence between the plaintiff and the defendant, discharged the plaintiff.

In denying the defendant's fourth request, to the effect

that the plaintiff must prove that Carpenter was the duly authorized agent of the defendant and was acting within the scope of his employment in engaging the plaintiff, the trial judge said: "It is sufficient that plaintiff prove, and he did prove, that his employment to December 7, 1929, was within apparent authority of Carpenter."

The defendant contends that the trial judge erred in denying its fifth, eleventh and fifteenth requests and in adding, in denying the fifth, the words "Not applicable to facts found." These requests were: "5. To bind the principal a person dealing with an agent must show that such dealings were within the scope of such agent's authority." "11. On all the evidence the finding should be for the defendant." "15. Under the contract of employment of Carpenter by the defendant corporation Carpenter had no authority to employ the plaintiff." In denying the last of these requests the trial judge said: "I find and rule Carpenter had apparent authority to bind . . . [defendant]." Although the statement last quoted is stated to be a finding and ruling, this does not take from the finding to the same effect made in connection with the fourth request its force as a finding of fact. We treat what is said in connection with the fifteenth request to be no more than a finding of fact.

In the absence of notice of limitation upon the authority of a general manager, he may be assumed to have general charge and direction and control of the corporation in carrying out the purposes for which it was incorporated. *Henderson* v. *Raymond Syndicate*, 183 Mass. 443. *Knight* v. *Whitmore Manuf. Co.* 248 Mass. 531. In *Condé Nast Press, Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480, the court said at page 485: "It is well within the ostensible authority of a general manager of a publishing business to decide what books are to be published and to contract for printing them as agent for the corporation . . . . The ostensible powers of such an agent are his real powers." In *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453, the court said at pages 458–459: "A general manager of a business corporation, commonly exercising the duties . . .

of purchasing and selling its products and having charge of its books, thus apparently vested with authority to do all things reasonably necessary to execute these activities, properly could be found to have authority to make a contract for trucking incidental to the purchase or delivery of merchandise in which it dealt or which it manufactured." See also *Bennett* v. *Alumo Co., ante,* 325.

It may well be that a manager for a corporation in a particular district would not be presumed to have as wide authority as its general manager. In *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, 560, the plaintiff, in dealing with the manager of one of the defendant's plants, was held to be justified in assuming he had the authority which he purported to have. See *R. T. Adams Co.* v. *Israel,* 244 Mass. 139. In the case at bar the nature of assistance which the plaintiff gave, so far as the record discloses, was to do whatever Carpenter asked him to do in connection with the work Carpenter was doing for the defendant. The employment could be found to be to promote the defendant's business in the territory placed by the defendant under the management of Carpenter. There is nothing in the record to indicate that the employment of the plaintiff as an assistant purported to give him the authority which Carpenter possessed, or to make the plaintiff a substitute for Carpenter, or to give him the same insight into the defendant's business which Carpenter had. In our opinion the circumstances were such that, by reason of the nature of the duties entrusted to Carpenter and the situation in which the defendant had put him, the plaintiff could be found to have been warranted, in the exercise of reasonable prudence and discretion, in dealing with him as having authority to represent the defendant in employing him as an assistant. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115, 117. Upon the evidence we cannot say that the judge erred in finding that Carpenter had been held out as having apparent authority to bind the defendant by the contract employing the plaintiff. The entry must be

*Order of the Appellate Division reversed.*
*Judgment for the plaintiff on the finding.*