STELLA SEGAL *vs.* ALLIED MUTUALS LIABILITY INSURANCE COMPANY.

GEORGE W. ALLEYNE *vs.* SAME.

Suffolk.  May 11, 1933. — January 2, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Evidence,* Of authority of agent, Presumptions and burden of proof. *Contract,* What constitutes, Validity, Consideration, Performance and breach. *Practice, Civil,* Requests, rulings and instructions, Appeal. *Release.*

At the trial of an action where the scope of the authority of one to act in behalf of a corporation was in issue, there was no error in the admission of testimony by him with regard to his authority, or of evi-

dence as to what he had done in the ordinary course of transacting the corporation's business and the title which he had been permitted to use.

Where, upon appeal to this court from an order by an appellate division dismissing a report by a judge of a municipal court, it appeared that certain requests for rulings by the appellant had been refused by the trial judge in view of facts found by him and that the appellant had not made requests for rulings proper to raise the question, whether those findings were warranted by the evidence, it was not open to the appellant in this court, as of right, to argue that the evidence was insufficient to support such findings.

Where, in an action for breach of a contract, made in settlement of a claim, whereby the plaintiff was to give a release of the claim to the defendant and the defendant was to pay a certain sum of money to the plaintiff, the declaration contained an allegation that the plaintiff had signed and delivered the release, and the plaintiff introduced in evidence at the trial a release purporting to be signed by him, a finding was warranted that the release had been executed and delivered to the defendant.

The answer of the defendant in the action above described contained a general denial, an allegation of payment and an allegation that the contract with the plaintiff was made by one who had no authority to act for the defendant. It appeared that the defendant had not made payment. It did not appear that the defendant at the trial presented any ground for nonpayment other than such lack of authority. *Held*, that a finding was warranted that that ground was the only defence upon which the defendant relied.

At the trial of an action of contract in a municipal court against an insurance company, the trial judge found, upon evidence warranting his findings, that an agent of the defendant, with authority so to do, made an agreement with the plaintiff whereby a pending action of tort by the plaintiff against one insured by the defendant was to be settled for a certain sum and the defendant was to pay that sum on receipt of a release executed by the plaintiff; that later a release sufficient to discharge the plaintiff's claim in tort was delivered to and was accepted by the defendant's agent; that shortly thereafter the authority of the agent was revoked by the defendant; and that the defendant had not paid the agreed sum. The plaintiff sought to recover that sum. *Held*, that

(1) A contract of settlement between the plaintiff and the defendant upon sufficient consideration appeared whether the contract were bilateral or unilateral: if bilateral, the promise by the plaintiff to settle the claim in tort and to give a release discharging that claim, and the promise by the defendant through its agent to pay the sum agreed upon if that release were given, were consideration each for the other, there being legal detriment to each promisee; if there was merely an offer by the defendant to pay if the release were given, the plaintiff had performed what was required of him before that offer was revoked;

(2) Such contract was valid;

(3) Inasmuch as the giving of the release discharged the plaintiff's claim in tort, the status of his action in tort was immaterial;

(4) The plaintiff was entitled to recover.

Two ACTIONS OF CONTRACT. Writs in the Municipal Court of the City of Boston dated October 11, 1932.

The actions were heard together in the Municipal Court by *Zottoli*, J. The pleadings, material evidence and findings by the judge are described in the opinion. There was a finding for the plaintiff in the first action in the sum of $4,850 and for the plaintiff in the second action in the sum of $865. A consolidated report to the Appellate Division was dismissed. The defendant appealed in each action.

*D. H. Fulton*, for the defendant.

*T. H. Mahony*, for the plaintiffs, submitted a brief.

WAIT, J. These are actions of contract for breaches of the defendant's agreements to pay stated sums in settlement of actions of tort brought by the several plaintiffs against alleged tortfeasors insured by the defendant against the liability declared upon. They are before us upon appeals by the defendant from orders of an Appellate Division dismissing a consolidated report.

There was evidence which would support findings that agents of the defendant authorized to settle claims pending against the defendant or those holding policies of insurance issued by it, on or about May 12, 1932, agreed orally with the attorney for the plaintiffs to settle their pending suits and to pay in one case $4,850 and in the other $865 on receipt of releases executed by the clients; that releases sufficient to protect the defendant and its policy holders were delivered to and received by the agents on or before May 27, 1932; that the authority of the agents was revoked on May 27 after the releases had been received. The trial judge found for the plaintiffs. He admitted testimony of the agents that they had agreed as alleged, and their testimony with regard to what they did in the course of their action for the defendant and their authority to act for it. He also refused to give certain requests presented

by it. At the defendant's request he reported the rulings, findings of facts and refusals to rule to the Appellate Division.

There was no error in the admission of evidence. An agent may testify with regard to his authority. *Haney* v. *Donnelly*, 12 Gray, 361. *DuBois* v. *Powdrell*, 271 Mass. 394, 397. And what he has done in the ordinary course of transacting his principal's business and the title he has been permitted to use are admissible to prove the scope of his authority. *Gibson* v. *Contract Water Proofing Co.* 277 Mass. 455.

Most of the requests were refused because they stated or implied as facts findings which were not made. The defendant argues that the findings made upon which the refusals rested were not sustained by the evidence; but as no requests proper to raise the question of the sufficiency of the evidence were presented, the right so to argue was not open. *Reid* v. *Doherty*, 273 Mass. 388.

The statute of frauds was not pleaded. No question thereunder is open. The defendant concedes that any request based upon the absence of a written agreement or memorandum of the agreement was denied properly. The answer, beyond general denial and payment, was that no release or agreement for judgment was executed, or, if any, it was not executed by persons authorized by the defendant. Releases in both cases were put in by the plaintiffs. The argument now addressed to us that there was no evidence of execution by the plaintiffs is not sound. The plaintiffs pleaded the giving of releases. They put in evidence releases purporting to be signed by them. It was not open to them to contradict them. The judge without more could find as fact that the plaintiffs executed releases, and delivered them.

The defendant has never paid the amounts agreed upon. It has answered in defence, lack of authority in its agents to agree to pay them. In the absence of evidence of presentation of other grounds of refusal, a finding that lack of authority was the defence relied on is justified. The judge found as facts that the agents made the agreement alleged, and had authority so to do. No error appears therein, even if the defendant now could challenge the finding.

The substantial contention of the defendant is that here

no binding contract was ever made, that the giving of releases in the absence of an agreement binding on both parties is nugatory, that the plaintiffs still have actions pending against the tortfeasors, and that no consideration appears to support liability. Its difficulty is that the judge, on evidence legally permitting it, found that there was an agreement made to settle, that releases effective to end the tort suits were given in accord with the agreement and were accepted by the defendant through agents who then had authority to accept. No question of consideration remains. The promise of the plaintiffs' attorney on their behalf to settle and the promise of the defendant's agents to pay if releases were given were consideration one for the other. There was legal detriment to both promisees. If the agreement be taken to be unilateral, an offer to pay if releases were given, the result is the same. Releases were given before the offer was withdrawn. Either way a good contract liability is made out. Such agreements for settlement are valid. *Hunt v. Brown,* 146 Mass. 253. *Blount* v. *Wheeler,* 199 Mass. 330. See *Finkelstein* v. *Sneierson,* 273 Mass. 424. We need not consider the status of the tort actions. *White Sewing Machine Co.* v. *Morrison,* 232 Mass. 387. The plaintiffs have given releases under seal. The defendant has them. If it uses them the tort suits are ended. The plaintiffs have lost control. Their damages they get only in these actions.

*Order of Appellate Division affirmed.*