WILLIAM NEILSON *vs.* MALCOLM KENNETH CO.

Suffolk.  February 7, 8, 1939. — June 30, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Appellate Division: appeal, request for report, report; Notice.  *Agency,* Scope of authority.  *Corporation,* Officers and agents.

Upon an appeal from a denial by an appellate division of a district court of an application that an appeal from the division's dismissal of a report be vacated by reason of noncompliance with G. L. (Ter. Ed.) c. 231, § 135, the evidence at the hearing of such application not being reported, this court took statements of fact as to such denial contained in the division's opinion as a part of the record.

A refusal by an appellate division of a district court of an application to vacate an appeal to this court was affirmed where the application was based on a contention that the appellant had not made the deposit required by G. L. (Ter. Ed.) c. 231, § 135, "within twenty days of the date of" the clerk's estimate, and the record did not show the date of such notice.

A party to an action in a district court did not lose his right to a report by procuring an extension of the time within which he should file his report before he filed a request for a report, where it appeared

that the request was filed within the five days allowed by statute and the report was filed within the extended time.

Evidence respecting conversations of the plaintiff, a machinist, with one who was the president and one of the managers of a corporation engaged in the business of manufacturing men's clothing, which resulted in the building of a machine for the shaping of cotton wads for a use not disclosed to the plaintiff, warranted a finding that the plaintiff was engaged by an authorized officer of the corporation for the work.

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 26, 1937.

A report by *Bolster,* C.J., of a finding for the plaintiff in the sum of $556.02 was ordered dismissed by the Appellate Division and the defendant appealed. A motion by the plaintiff to "vacate" such appeal was denied, and the plaintiff appealed from such denial.

*J. W. Kelleher,* for the defendant.

*J. S. Ellis,* (*D. Franklin* with him,) for the plaintiff.

QUA, J. No error of law appears on this record in the denial by the Appellate Division of the plaintiff's "application to vacate" the defendant's appeal to this court from the order of the Appellate Division dismissing the report requested by the defendant. See G. L. (Ter. Ed.) c. 231, § 108, third paragraph. What evidence was introduced at the hearing on this "application" does not appear. The plaintiff now contends that the defendant failed to comply with the requirement of G. L. (Ter. Ed.) c. 231, § 135, that it should pay to the clerk the estimated expense of the preparation of the papers "within twenty days after the date" of the clerk's notice of the amount of the estimate. In this matter, relating as it does to proceedings before the Appellate Division itself, we take statements of fact as to such proceedings contained in the opinion of that division as a part of the record. See *Santosuosso* v. *Della Russo,* 300 Mass. 247, 249–250. From such statements it appears that the defendant's counsel deposited the required amount with the clerk within the required time after actual receipt of the notice. But if the statutory words, "after the date of such notice," do not refer to the date of the receipt of the notice but refer to the date ap-

pearing upon its face (see *Sweeney* v. *Morey & Co. Inc.*
279 Mass. 495, 501; *Charbonneau* v. *Guillet,* 278 Mass. 153;
*Buchannan* v. *Meisner,* 279 Mass. 457, 461; *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 185, and
cases cited; *Hubbard* v. *Southbridge National Bank,* 297
Mass. 17), then there is nothing to show what that date
was and therefore nothing to show prejudicial error.    In
the *Kolda* case, at page 184, it was held that a docket
entry purporting to show when the notice was sent does
not establish the date appearing upon the face of the notice.
We cannot accept a third construction of the statute suggested by the plaintiff that "after the date of such notice"
refers to the time of mailing without regard either to the
date appearing upon the notice or to the date of its receipt.

Turning next to the defendant's appeal, we find the plaintiff contending that the defendant had lost its right to a
report under the third paragraph of G. L. (Ter. Ed.) c. 231,
§ 108, as amended by St. 1933, c. 255, § 1, because it had
procured an extension of time for filing its draft report
before it had filed any request for report.    In fact it filed
its request for report within the five days allowed by the
statute after notice of the finding, and thereafter it filed
its draft report within the time allowed for that as extended.
We see nothing in this point.    See *Conway* v. *Murphy,* 287
Mass. 536; *Murphy* v. *William C. Barry, Inc.* 295 Mass. 94.

We now come to the merits of the case.    The action is for
labor performed and materials furnished in the endeavor
to perfect a machine the nature of which does not clearly
appear.    The defence is that the defendant never contracted with the plaintiff through any authorized agent and
so never became bound to the plaintiff.    The plaintiff
"realized" that the defendant was engaged in the business
of manufacturing men's clothing.    "In fact, the desired
machine was for the purpose of manufacturing internal
sanitary napkins for women."    The plaintiff testified that
he did not inquire about and did not know the purpose of
the machine, that there was a "general air of mystery
about" it.    The defendant's charter empowered it to
manufacture all kinds of merchandise.

There was evidence tending to show the following: The plaintiff went to the office of the defendant in response to a telephone call. One Henry G. Cohen talked with the plaintiff. He was the president and one of the general managers in charge of the ordinary business of the defendant and managed its factory. While the plaintiff was there Cohen was continually disturbed by people asking him what to do, and he instructed them "about what action to take" concerning "the management of the general affairs of the company." For some years he "had acted like the 'boss' of the defendant." He had signed checks and purchased machinery for the factory of the defendant. Cohen "showed the plaintiff a box of cotton wads three inches long and about three fourths of an inch in diameter" and told the plaintiff that "they were having trouble getting the wads into the proper shape, and that the edges were not coming out right." Cohen also told the plaintiff that the defendant would pay for the work. While the work was going on the plaintiff talked about it with Cohen both at the defendant's place of business and at his own. Some of the experimenting was done at the defendant's factory.

On this evidence, if it were conceded that the machine was to be adapted for use in the regular business carried on by the defendant, clearly it could be found that Cohen as manager had authority to employ the plaintiff to work upon it. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30. *Houghton & Dutton Co.* v. *Journal Engraving Co.* 241 Mass. 541, 543. *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453, 458, 459. *Anglim* v. *Sears-Roebuck Shoe Factories,* 255 Mass. 334, 338. *Condé Nast Press, Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480, 485. *Gibson* v. *Contract Water Proofing Co.* 277 Mass. 455. Am. Law Inst. Restatement: Agency, § 73. The defendant's main argument is that the plaintiff has failed to prove that the machine was, or could reasonably be thought to be, intended for use in the business of manufacturing men's clothing, of which business Cohen was manager for the defendant, but that for aught that is shown the machine may have pertained to some new or different venture not a part of that

business.  The test of the apparent authority of an agent applicable here is stated by the American Law Institute in § 27 of its restatement of the law of agency to be whether the case discloses "written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him."  *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Association*, 290 Mass. 235, 238.

We think the evidence would support a finding that the plaintiff was caused reasonably to think that this machine for shaping cotton wads was related to the business carried on by the defendant under the management of Cohen, especially if the judge believed that the plaintiff did not know the true purpose of the machine.  The plaintiff could not be expected to be familiar with everything that might enter into the manufacture of men's clothing as carried on by the defendant.  Accessories of one kind or another might well be made in connection with such a business. Finding the defendant operating a factory, it would be natural to believe that a machine being developed there was intended for use in connection with what was regularly being done there.  Departure into a new field would be unusual rather than usual.  If the machine had been designed for cutting or shaping pieces of cloth its connection with the business might be more evident, but we cannot say that the shaping of cotton wads was so at variance with the apparent nature of the business as to leave no evidence upon which to draw an inference that the plaintiff was induced by the defendant's conduct reasonably to believe in Cohen's authority to act for the defendant in ordering the work.  *Bennett* v. *Alumo Co.* 277 Mass. 325, 330, 331. Compare *James F. Monaghan Inc.* v. *M. Lowenstein & Sons Inc.* 290 Mass. 331, 333; *Stoneman* v. *Fox Film Corp.* 295 Mass. 419, 426.

> *Order denying plaintiff's motion to dismiss appeal affirmed.*
> *Order dismissing report affirmed.*